## Rob and Neilson *against* Moffat.

ROOT, for the defendant, moved to set aside the judgment and execution in this cause, for irregularity. He read an affidavit stating that the deputy of the sheriff to whom the *capias ad respondendum* was directed in the cause, called on the defendant on the *Sunday* preceding the second *Monday* of *November* last, and asked the defendant

*Where a writ was served on Sunday, and the sheriff returned cepi corpus, on which the plaintiff proceeded, and obtained judgment by default and execution, on condition that*

the court ordered all the proceedings to be set aside, with costs, no action should be brought against the sheriff for a false return.

NEW-YORK,
May, 1808.

Briggs
v.
Briggs.

fendant whether he would consent to a service of the writ on that day, which was objected to; and that no writ was served on the defendant before or after that day. That supposing the writ would of course be returned *non est inventus*, the defendant paid no further attention to the cause, nor did he know of any proceedings until he was served with an execution.

*I. V. D. Scott*, contra. The truth or falsity of a return is not to be tried by affidavit. The defendant ought to seek his remedy by an action against the sheriff for a false return.

*Per Curiam.* The defendant may take a rule to set aside the judgment and execution, with costs, provided he stipulates not to bring an action against the sheriff for a false return.

Rule granted.