THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HENRY J. LUHRS, Appellant.

*Code of Criminal Procedure, § 768 — appeal from the Special Sessions — a new trial ordered must be in the General Sessions — remedy by habeas corpus and by appeal — a prisoner tried on Sunday may be tried again.*

Where a new trial is ordered on appeal from a Court of Special Sessions such new trial, under the provisions of section 768 of the Code of Criminal Procedure, should take place in the Court of Sessions of the county.

A judgment may be erroneous and not void, and may be erroneous because void, and the fact that a judgment is so void that it can be attacked collaterally renders it none the less an erroneous judgment.

The fact that a prisoner convicted might have been discharged after the trial on a writ of habeas corpus does not preclude him from seeking relief by appeal, and when he adopts the latter mode he must abide by the practice on appeal prescribed by the Code.

The fact that a prisoner was tried on Sunday, whereby the justice lost jurisdiction of the charge, does not grant the defendant immunity for his offense. The first trial is a nullity and the defendant can again be properly placed on trial.

APPEAL by the defendant, Henry J. Luhrs, from so much of a judgment of the Court of Sessions, held in and for the county of Orange, rendered on the     day of March, 1893, as directs that a new trial be had in the Court of Sessions of Orange county, which judgment reversed the judgment of a justice of the peace of the town of Cornwall, Orange county, which convicted the defendant of having violated section 31 of chapter 401 of the Laws of 1892, in selling liquors without a license.

*S. E. Dimmick,* for the appellant.

*Frank H. Cassidy,* for the respondent.

CULLEN, J.:

The defendant was tried in a Court of Special Sessions charged with selling liquor without a license. The trial commenced on Saturday and was continued into Sunday morning, when the jury was charged, the defendant convicted and sentenced. For this error of holding the trial on Sunday the Court of Sessions reversed the conviction and judgment and ordered a new trial in that court.

From so much of the judgment as directs a new trial in the Court of Sessions this appeal is taken.

We think there can be no doubt that when a new trial is ordered on appeal from a Court of Special Sessions, that trial, under the Code of Criminal Procedure, is to be had in the Court of Sessions of the county. Section 768 of the Code, referring to appeals from Courts of Special Sessions, provides : " If a new trial be ordered it must be had in the Court of Sessions in the same manner as upon an issue of fact upon an indictment." As indictments are not triable in Courts of Special Sessions, it is manifest that the court mentioned in the section is the Court of Sessions of the county.

The plaintiff contends that " the judgment being void the justice lost jurisdiction of the action, and no appellate court can restore it to life."

It may be that the judgment was so void that it could be attacked collaterally, but it was none the less an erroneous judgment. " A judgment may be erroneous and not void, and it may be erroneous because it is void." (*Ex parte Lange*, 18 Wall. [U. S.] 163.)

Conceding for the argument that the defendant might have been discharged on habeas corpus, he was not precluded from seeking relief by appeal. This mode he adopted, and having taken it he must abide the practice prescribed by the Code on appeal.

The point that by the trial on Sunday the justice lost jurisdiction of the charge and the defendant obtained immunity for his offense is without any foundation. In *People* v. *Connor* (142 N. Y. 130) the defendant was tried on an indictment in the Court of Sessions and convicted. It appeared that one of the justices of that court was related to the defendant within the statutory degree. Thereupon the prior conviction was set aside and upon the new trial the defendant was again convicted. On appeal it was held that the first trial being a nullity the defendant was properly again placed on trial.

The judgment of the Court of Sessions appealed from should be affirmed.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment affirmed.