**PEOPLE ex rel. RYAN v. SUPERINTENDENT OF STATE REFORMATORY FOR WOMEN AT BEDFORD.**

(Supreme Court, Appellate Division, Second Department. March 1, 1912.)

SUNDAY (§ 30*)—JUDICIAL ACTS—HOLDING COURT.

   Greater New York Charter (Laws 1897, c. 378, as amended by Laws 1901, c. 466) §§ 1392, 1397, 1398, and Inferior Court Act (Laws 1910, c. 659) § 71, requiring the magistrate's court to be open every day and not closed before 4 o'clock in the afternoon except on Sundays when the afternoon session may be dispensed with, when considered in connection with Code Civ. Proc. § 6, providing that a court shall not transact any business on Sunday, but the same shall not prevent the exercise of jurisdiction by a magistrate where necessary to preserve the peace, or in criminal cases to arrest, commit, or discharge a person charged with an offense, do not authorize a magistrate's court to try on Sunday one pleading not guilty to an offense.

   [Ed. Note.—For other cases, see Sunday, Cent. Dig. §§ 73–85; Dec. Dig. § 30.*]

Appeal from Special Term, Kings County.

Habeas corpus by the People, on the relation of Lillian Ryan, against the Superintendent of the State Reformatory for Women at Bedford, New York, for her discharge from custody. From an order dismissing the writ, relator appeals. Reversed, and relator discharged.

See, also, 134 N. Y. Supp. 1143.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

W. A. Fischer, for appellant.

Robert C. Taylor, Asst. Dist. Atty. (Charles S. Whitman, Dist. Atty., on the brief), for respondent.

THOMAS, J. The relator was tried on Sunday for soliciting in a public place for the purpose of prostitution, and was sentenced to the New York State Reformatory for Women at Bedford. Upon a plea of guilty taken on Sunday, a woman was forthwith sentenced and committed to such reformatory, and the same was upheld in People ex rel. Price v. Warden, etc., 73 App. Div. 174, 76 N. Y. Supp. 728. But in that case there was judgment upon plea on arraignment, while in the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

present instance a trial of an issue raised by a plea of not guilty was had. It is the general policy of the state that courts shall be closed on Sunday, while power to act on that day for certain purposes is continued. Such policy is declared in section 6 of the Code of Civil Procedure:

"A court shall not be opened, or transact any business on Sunday, except to receive a verdict or discharge a jury. * * * But this section does not prevent the exercise of jurisdiction of a magistrate, where it is necessary to preserve the peace, or, in a criminal case, to arrest, commit or discharge a person charged with an offense."

Chapter 601, Laws of 1895, whereby was created magistrates' courts and Courts of Special Sessions, by section 5 authorized the Board of City Magistrates to adopt rules "as to the hours at which said courts shall be opened on each day, including Sundays and legal holidays, and what officers shall be in attendance," and this power was continued by the Charter of the City of New York (chapter 378, Laws of 1897, § 1392), and by section 1398 thereof it was provided:

"A city magistrate shall be in constant attendance in each of the city magistrates' courts between the hours of nine o'clock in the morning and four o'clock in the afternoon on every day except Sundays and legal holidays, but including election day," etc.

In 1901 such Charter was amended (chapter 466, Laws of 1901, § 1397) so as to direct in terms that the Board of City Magistrates should adopt, and from time to time amend or add to, rules "as to the hours at which said courts shall be opened on each day, including Sundays and legal holidays, and what officers shall be in attendance"; and it was further provided (section 1398):

"The several city magistrates' courts shall be opened every day at nine o'clock in the morning," and in certain districts named "shall not be closed before four o'clock in the afternoon, except on Saturdays, Sundays and holidays, when morning sessions only shall be necessary."

In 1910, in the Inferior Court Act (chapter 659, Laws of 1910, § 71) it was provided:

"There shall be a city magistrate's court held daily in every court district. * * * Each court shall open every day at nine o'clock in the morning and shall not be closed before four o'clock in the afternoon, and the city magistrate assigned thereto shall be in attendance thereat except during a reasonable recess and except that the afternoon session may be dispensed with upon Saturdays, Sundays and holidays, other than days upon which general elections are held, when each court shall be open until the polls close."

The respondent's contention, in view of such statutes, is that the law contemplates that the court shall be opened for the exercise of its full jurisdiction. It is considered rather that these statutes were to provide for or to insure the opening and holding of the courts and the attendance of the magistrate for the purposes for which its jurisdiction is exercisable in conformity to the general law. If section 6 of the Code of Civil Procedure broadly forbids the exercise of jurisdiction on Sunday, save for the purposes mentioned, and the exceptions do not include the trial of offenders, then the provisions for the opening and holding of magistrates' courts on Sunday intend that they shall be opened for the purposes authorized by law. If a statute provide,

as the Code (section 6) in effect does, that a magistrate's court shall not try a prisoner for a criminal offense on Sunday, but may do other acts, later provisions in statutes that magistrates' courts shall be opened and held on Sunday mean that they shall be open to do the exceptional acts allowed, and not those forbidden. In other words, the provisions in the Charter command the attendance of magistrates to hold court on Sunday, and a corresponding opportunity for those concerned; but do not enlarge what may be done. The peace must be preserved on Sunday, and so the magistrate should be on duty. Arrests may be necessary, and those arrested should be forthwith taken before the magistrate, who may commit for trial or, in proper cases, discharge. But that a person, as in the case at bar, may be summarily tried for an offense involving long imprisonment or detention is neither within the words nor spirit of the law, and is contrary to policy of the state, and the uses to which Sunday is appropriated. The prisoner is entitled to counsel, but lawyers are resting from professional duty; witnesses are entitled to the quiet of the day, and are enjoying immunity from ordinary obligations; opportunities for the preparation of the case and the conduct of it are wanting or impaired. Above all, it is a day of rest so far as the safety and necessities of the people permit. When the state intends that prisoners shall be tried on Sunday, it will state its policy in language other than that of ordering the attendance of magistrates for the exceptional purposes specifically allowed or commanded, and the holding of courts therefor.

The relator should be discharged.

Order reversed on reargument, with $10 costs and disbursements, and relator discharged. All concur.