THE PEOPLE OF THE STATE OF NEW YORK ex rel. STELLA BURKE, Appellant, *v.* FRANK FOX, Warden of the Workhouse, Respondent.

Jurisdiction — Magistrates' Courts — when Magistrates' Courts of city of New York may exercise jurisdiction on Sunday.

1. Magistrates may exercise jurisdiction on Sunday where it is necessary to preserve the peace (Judiciary Law, § 5; Cons. Laws, ch. 30).   Under the provisions of the Inferior Criminal Courts Act (L. 1910, ch. 659, § 71) there is conferred upon the Magistrates' Courts of the city of New York the same general jurisdiction for their sittings on Sundays which they have the right to exercise on other days.

2. Where a person was found guilty of disorderly conduct which, in the opinion of the magistrate, tended to a breach of the peace, the offense was not a crime in the strict sense of that term, as used in the Code of Criminal Procedure, but an offense against a police regulation which the Magistrate's Court had the power to dispose of summarily on Sunday as on other days of the week. The limitation in section 5 of the Judiciary Law, restricting the Sunday jurisdiction of magistrates to the arrest, committal or discharge of a person charged with an offense "in a criminal case" does not apply, because this is not a "criminal case" within the purview of that statute.

*People ex rel. Burke* v. *Fox*, 150 App. Div. 114, affirmed.

(Submitted April 12, 1912; decided June 4, 1912.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 4, 1912, which affirmed an order of Special Term dismissing a writ of habeas corpus and remanding the relator to custody.

The facts, so far as material, are stated in the opinion.

*Alexander Lange* for appellant. As February 25, 1912, was a Sunday, the City Magistrates' Court, on relator's plea of not guilty, was without power to try, convict and commit her on that day. (*People ex rel. Donohue* v. *Walton*, 35 Misc. Rep. 320; *Kraft* v. *De Verneuil*, 105 App. Div. 43.)

*Charles S. Whitman, District Attorney* (*Robert C. Taylor* of counsel), for respondent. In New York city the power of the magistrates to hold court upon Sundays exists by express legislative enactment. (L. 1895, ch. 601, § 5; L. 1901, ch. 466, § 1398; L. 1910, ch. 659, § 71.) The present law is very broad. The magistrate has full jurisdiction "to preserve the peace" on Sunday; and this power is entirely independent of his power to "commit or discharge" in criminal cases. (2 R. S. 275, § 7.) The disorderly conduct sections of the act under which this Burke woman was committed created no crime, but were mere regulations to preserve the public peace. This is

true of all of the well-known petty offenses of which the
magistrates have jurisdiction to make final disposition.
(*Steinert* v. *Sobey*, 14 App. Div. 505; *Matter of Erbe*, 13
Misc. Rep. 404; *Neuendorff* v. *Duryea*, 69 N. Y. 557;
6 Daly, 276; *Lindenmuller* v. *People*, 33 Barb. 548;
*People* v. *Hogan*, 20 How. Pr. 76.)

WERNER, J. The relator was imprisoned under a com-
mitment which recited that she had been found guilty of
disorderly conduct which, in the opinion of the magis-
trate, tended to a breach of the peace. She was arrested
in New York city on Sunday, February 25th, 1912, taken
directly before a city magistrate, where she pleaded not
guilty and was summarily convicted and sentenced. By
her petition for a writ of habeas corpus she challenges
the legality of her conviction on the ground that the
magistrate had no power to hear, try and determine her
case on Sunday. At Special Term the writ was dismissed
and the relator remanded. At the Appellate Division
the order was unanimously affirmed, whereupon the
relator appealed to this court. If it were not for conflict-
ing decisions in similar cases by the Appellate Divisions
of the first and second departments (*People ex rel. Price*
v. *Warden, etc.*, 73 App. Div. 174; *People ex rel. Ryan*
v. *Supt. State Reformatory at Bedford*, 149 App. Div.
794), we should be content to affirm the order herein upon
the opinion below, but in view of this conflict of decisions
we deem it proper to briefly state our views upon the
question involved.

The relator relies upon the decision of the Appellate
Division in the second department in the case of *People ex
rel. Ryan* v. *Supt. State Reformatory at Bedford* (*supra*),
where the conclusion was reached that the city magistrates
of New York city have no authority to hold court on Sun-
days except for the limited purposes specified in section 5
of the Judiciary Law (Cons. Laws, ch. 30). That section
provides that " A court shall not be opened, or transact

any business on Sunday, except to receive a verdict or
discharge a jury.   An adjournment of a court on Satur-
day, unless made after a cause has been committed to a
jury, must be to some other day than Sunday.   But this
section does not prevent the exercise of the jurisdiction of
a magistrate, where it is necessary to preserve the peace,
or, in a criminal case, to arrest, commit or discharge a
person charged with an offense."   The last sentence of this
section is obviously the only one which applies to magis-
trates and, as to them, it imposes the duty to exercise
jurisdiction on Sunday *"where it is necessary to preserve
the peace, or, in a criminal case, to arrest, commit or dis-
charge a person charged with an offense."*   Upon the
meagre record before us we think this statute in itself is
broad enough to confer the jurisdiction which was exer-
cised, for the commitment recites that the relator was
found guilty of disorderly conduct which tended to a
breach of the peace, and the statute declares that a
magistrate may exercise jurisdiction on Sunday "where
it is necessary to preserve the peace."   This provision we
deem ample to confer such jurisdiction as may be neces-
sary to the complete disposition of all minor offenses in
which the gist of the charge is the disturbance of the
public peace.   It is not necessary, however, to rest our
decision upon this single ground, since we think there are
other controlling considerations which lead to the same
result.

In the so-called Inferior Criminal Courts Act (Laws
1910, ch. 659, sec. 71) which relates to the Magistrates'
Courts of New York city, we find a general provision
for holding courts on all days including Sunday.   "There
shall be a city magistrates court held *daily* in every
court district and   *   *   *   each court shall be open every
day at nine o'clock in the morning and shall not be closed
before four o'clock in the afternoon, and the city mag-
istrate assigned thereto shall be in attendance thereat
except during a reasonable recess *and except that the*

*afternoon session may be dispensed with upon Saturdays, Sundays and holidays,* other than days upon which general elections are held, when each court shall be open until the polls close." There is nothing in the context of this statute which suggests any limitation upon the jurisdiction of the magistrates' courts on Saturdays, Sundays or holidays. The only difference between these days and the other days of the week is as to the time of sitting. On Saturdays, Sundays and holidays the afternoon sessions "may be dispensed with," but on other days they must be held as the statute prescribes. A liberal and reasonable construction of this statutory direction would seem to indicate that it was the legislative purpose to confer upon the Magistrates' Courts of New York city the same general jurisdiction for their sittings on Sundays which they concededly have the right to exercise on other days. We think that the distinct provision for the difference in the hours of sitting and the omission of any direction differentiating the jurisdiction on Sundays from that of other days, fairly supports the inference that the jurisdiction was to be the same on all days.

There is even broader ground, however, upon which the decision herein can be supported. We think the provision in section 5 of the Judiciary Law, which limits the Sunday jurisdiction of magistrates "in a criminal case" to the arrest, committal or discharge "of a person charged with an offense" has no application to such a case as this. There are many minor offenses, colloquially classified as crimes, which are merely violations of police regulations. Vagrancy, public drunkenness, various kinds of disorderly conduct, and other minor offenses fall within this category and have from time immemorial been the subject of summary disposition in magistrates' tribunals. The difference between such offenses and crimes was very clearly stated by our present Chief Judge CULLEN, when he was a member of the Appellate Division in the second department, in the case of *Steinert* v. *Sobey* (14 App. Div.

505, 507). That was an action for false imprisonment.
The plaintiff had been charged with disturbing a reli-
gious meeting and the question was whether the defend-
ant, a justice of the peace, had jurisdiction to convict
and punish. In discussing this question of jurisdiction
Mr. Justice CULLEN said: "It is undoubtedly true that
the term 'crime' is, within many definitions to be
found in dictionaries and text writers, broad enough to
include the offense with which the plaintiff was charged.
Mr. Bishop, in his work on Statutory Crimes, devotes
many sections to the discussion of the violation of the
ordinances and by-laws of municipal corporations, treat-
ing such violations as crimes. But whatever be the cor-
rect and accurate definition of the word 'crime,' I think
that it is not used in the Code of Criminal Procedure in
a sense broad enough to include petty offenses subject to
summary conviction by a magistrate. In the Code
crimes are divided into felonies and misdemeanors, and
no provision is found for the trial of either before a
magistrate, as such. Yet the Code at length prescribes
the forms and methods of procedure in cases of bastardy,
in proceedings under the Poor Law, and proceedings
against vagrants and disorderly persons. These are
termed in the Code, not prosecutions for crime, but
'special proceedings of a criminal nature.' Proceedings
in cases of bastardy and in cases under the Poor Law
may be considered as not penal, but only as means to
enforce the discharge of legal obligations. But proceed-
ings against vagrants, and in certain cases against dis-
orderly persons are as essentially punitive as any sentence
imposed for crime. It is, therefore, apparent that too
broad a significance must not be given to the term 'crime'
as used in the Code. This distinction in nomenclature
existed prior to the Code. The title of part four of
the Revised Statutes is: 'An act concerning crimes and
punishments; proceedings in criminal cases; and prison
discipline.' Yet in this part of the Revised Statutes the

proceedings against vagrants, disorderly persons, Sabbath breakers or disturbers of religious meetings are not to be found.    These all occur in Chapter 20 of Part 1, entitled 'of the internal police of the State.'  It thus appears that, however inaccurate or illogical the distinction may be, summary proceedings for petty offenses leading to disorder have been considered, not as prosecutions for crimes, but for offenses against police regulations."  This quotation very aptly expresses our views in the present case.    We think the offense charged against the relator was not a crime in the strict sense of that term, but an offense against a police regulation which the Magistrates' Court had the power to dispose of summarily on Sunday as on other days of the week.    We regard the limitation in section 5 of the Judiciary Act, restricting the Sunday jurisdiction of magistrates to the arrest, committal or discharge of a person charged with an offense " in a criminal case," as not applicable, because this is not a " criminal case " within the purview of that statute.

The orders of the Appellate Division and the Special Term should be affirmed.

Cullen, Ch. J., Gray, Willard Bartlett, Hiscock, Chase and Collin, JJ., concur.

Orders affirmed.