The People of the State of New York ex rel. William Margus and Another, Relators, *v.* George Ramsey, Sheriff of the County of Schenectady, N. Y., Respondent.*

Supreme Court, Schenectady County, September 30, 1926.

Crimes — carrying concealed weapons without license — jurisdiction — relators were convicted on Sunday on plea of guilty before police magistrate of city of Schenectady — court had no jurisdiction to try relators on Sunday — Judiciary Law, § 5, does not authorize trial on Sunday.

The relators, who were convicted and sentenced by the police magistrate of the city of Schenectady for possessing revolvers without a written license, were illegally tried and convicted on Sunday on a plea of guilty.

The courts have no jurisdiction, unless specifically granted, to try a criminal case on Sunday, and section 5 of the Judiciary Law, which authorizes a magistrate to " commit or discharge " on Sunday a person charged with an offense does not confer jurisdiction to actually try and sentence one charged with a crime, but merely authorizes the court to commit such person for future trial or hearing.

Habeas corpus proceeding for release of defendants convicted before magistrate on Sunday.

*Del B. Salmon,* for the relators.

*Harold E. Blodgett, District Attorney [George A. Marcus, Assistant District Attorney,* of counsel], for the People.

Heffernan, J.  The relators were apprehended by police officers in the city of Schenectady, N. Y., on Sunday, September 26, 1926, charged with violating section 1897 of the Penal Law (as amd. by Laws of 1921, chap. 297), in that they had in their possession revolvers without a written license therefor.  The statute makes this offense a misdemeanor, and if the offender was previously convicted of any crime, then it is declared to be a felony.  The relators were immediately arraigned before the police magistrate, pleaded guilty to the charge and thereupon the court pronounced judgment of conviction and directed their imprisonment in the county jail for sixty days.  Writs of habeas corpus were issued on their behalf and they now assert that their imprisonment is illegal because the judgment against them was rendered on Sunday, and that, consequently, the certificate of conviction and warrant of commitment are void.

It seems to me that this contention is correct.  By common consent Sunday is a day set apart for cessation from all secular employment by the Christian world.  It is among the first and most sacred institutions of that religion.  Viewed merely from a legal standpoint, it is a day of rest.  Sunday legislation is more than fifteen centuries old.  It originated in Rome, A. D. 321, when

*See, also, *People* v. *Kaplan* (217 App. Div. 252).— [Rep.

Constantine the Great passed an edict commanding all judges and inhabitants of cities to rest on the venerable day of the sun. Sunday statutes were passed at an early date in England and 29 Charles II, chapter 7, has been made the basis of similar legislation in the United States. (37 Cyc. 540.) At common law no judicial act could be done on Sunday. (*Story* v. *Elliott*, 8 Cow. 27; *Van Vechten* v. *Paddock*, 12 Johns. 178; *Hoghtaling* v. *Osborn*, 15 id. 119; *Johnson* v. *Day*, 17 Pick. 106, 109.) In the absence of a permissive statute a judge or magistrate has no authority to hold court or conduct a trial on Sunday. (*Pulling* v. *People*, 8 Barb. 384.)

Section 5 of the Judiciary Law, which was passed as a substitute for the rule of the common law, is a substantial enactment thereof. That section provides that " A court shall not be opened, or transact any business on Sunday, except to receive a verdict or discharge a jury * * *. But this section does not prevent the exercise of the jurisdiction of a magistrate, where it is necessary to preserve the peace, or, in a criminal case, to arrest, commit or discharge a person charged with an offense * * *." Certain other exceptions are also made which are not material here.

It is well established both at common law and by statute that a verdict in civil, as well as in criminal, cases may be delivered, received and entered on Sunday. The rendition of the verdict is a mere ministerial act. The pronouncement of judgment, however, is a judicial act and is void when performed on Sunday. In *Pulling* v. *People* (*supra*) the plaintiff in error was tried before a Court of Special Sessions in December, 1848, held before a justice and a jury, for the crime of petit larceny. The trial was commenced on the thirtieth of December and the cause was submitted to the jury at two o'clock in the morning of Sunday, the thirty-first. The jury rendered a verdict at three o'clock in the morning, finding the plaintiff in error guilty. The justice took a recess until Monday morning and then pronounced judgment on the verdict. The Supreme Court reviewed the conviction by certiorari and in holding that the magistrate had no jurisdiction, the court, in the course of its opinion, said: " The trial of a cause is a judicial act. No part of it can be had on Sunday, except what is specifically allowed by the statute, namely, the receiving of the verdict. * * * We entertain no doubt that the conviction was wrong for the error of submitting the cause to the jury on Sunday morning, and that the conviction should be reversed."

In *Moss* v. *State* (131 Tenn 94; 173 S. W. 859) the plaintiff in error was indicted, tried and convicted of murder in the first degree. From the judgment of conviction he appealed to the Supreme Court of Tennessee, and the only error considered by the court

is that the trial judge charged the jury on Sunday. The record shows that the testimony was concluded on Saturday, the arguments of counsel continued until eleven-thirty P. M. and the charge of the court was delivered on Sunday. The judgment of conviction was reversed for that reason and in its opinion the court said: " The great weight of authority, however, is that a judgment cannot be rendered on Sunday, nor any judicial act performed thereon. Charging the jury is a high judicial function, and it cannot be lawfully exercised on Sunday. We so determine, not only in obedience to law, but with deep satisfaction as well, since Sunday is one of the most useful institutions we possess. Aside from its religious aspects, it is a noble police regulation, greatly tending to preserve and increase the public health, affording as it does a stated time of rest from labor, and a means of physical and mental recuperation. On those who also regard and use it as a religious institution it bestows an additional benefit. When the laws protecting this institution are disregarded by our trial judges, we can only reverse their judgments, and remand their cases for another trial, and that course will be followed in the present case."

The prosecutor urges that the words " commit or discharge " used in the Judiciary Law contemplate a trial. It seems to me that the words used are not susceptible of any such construction. Obviously, the intention is that persons may be discharged on Sunday by a magistrate if there is no legal ground for their detention, or that they may be committed for trial or hearing if there is probable cause to warrant such action. It is also contended on behalf of the People that the rendition of judgment based on a plea of guilty does not constitute a trial. I can see no legal difference between a conviction as a result of a plea of guilty and one that follows at the close of all the proof that is taken. In each instance judgment is pronounced. The proceedings in either case constitute a trial. In the one instance the proof comes from the mouth of the defendant; in the other it is supplied by witnesses for the prosecution. The only possible difference in either case is the duration of time required to accomplish the result.

The case of *People ex rel. Burke* v. *Fox* (205 N. Y. 490) and other cases called to my attention arising in the city of New York are not in point. The Inferior Criminal Courts Act (Laws of 1910, chap. 659, § 71, as amd. by Laws of 1912, chap. 469) relating to the Magistrates' Courts of the city of New York contains a provision for holding courts on every day of the week including Sunday. There is no limitation upon the jurisdiction of the Sunday courts. In upholding the judgment of conviction for disorderly conduct in *People ex rel. Burke* v. *Fox* (*supra*), the Court of Appeals rested

its decision not only on that ground but on the broader ground that the offense of which the relator had been convicted was not a crime in the strict sense of that term but merely an offense against a police regulation, and consequently the court said that the limitation in section 5 of the Judiciary Law had no application. By express provision of law Sunday convictions, embracing not prosecutions for crime but offenses of a criminal nature, are valid in the city of New York, and hence cases originating there involving such convictions are clearly distinguishable and have no application to the facts here.

The only authority which I have been able to find in this State which indicates anything to the contrary is *Roberts* v. *Bower* (5 Hun, 558). That was a civil action. The case was tried and submitted to the jury on Saturday. On Sunday they came into court and requested instruction as to the law on a point of evidence. The court instructed them as requested and no objection was made by either party. The jury then retired and later agreed on a verdict. In reviewing the case no opinion was written, and the headnote states that the charge to the jury was like any other unauthorized communication, and that the parties, by consenting to it, waived any objections thereto. Obviously, that case is not decisive of the question here at all.

I entertain no doubt that the police judge had no jurisdiction and my conclusion is that the relators were illegally tried, convicted and sentenced, and are entitled to their discharge.

It is ordered accordingly.