THE PEOPLE OF THE STATE OF NEW YORK ex rel. PATRICK LAVELLE and Another, Relators, *v.* ROSWELL TRAPHAGEN, Sheriff of the County of Seneca, Respondent. *

Supreme Court, Seneca County, August 3, 1929.

*J. Seward Bodine*, for the relators.

*J. Willard Huff, District Attorney*, for the respondent.

KNAPP, J. These relators were arrested on the 28th day of July, 1929, charged with the crime of assault in the third degree, and, upon their plea of guilty on that day, were sentenced by the committing magistrate to be imprisoned in the Seneca county jail for thirty days.

July twenty-eighth was Sunday. This writ has been sued out upon the ground that the court had no jurisdiction to commit these relators on Sunday, such being in violation of section 5 of the Judiciary Law.

Assault in the third degree is one of those offenses in which Courts of Special Sessions have, in the first instance, jurisdiction to hear and determine, subject to power of removal, as provided in section 57 of the Code of Criminal Procedure.

Section 5 of the Judiciary Law prohibits the opening of court on Sunday or the transaction of any business on that day, except to receive a verdict or discharge a jury. There are certain exceptions, however, which relate to the power of a magistrate, where it

---

* See, also, 134 Misc. 529.

becomes necessary to preserve the peace, or in a criminal case, in which event he is authorized to do the following acts: (1) To arrest; (2) to commit or discharge a person charged with an offense; also a justice of the Supreme Court may grant an injunction on Sunday.

There have been decided a number of cases and a diversity of opinion exists upon what can and cannot be done by a court on Sunday. The Court of Appeals laid down a rule in the case of *People ex rel. Burke* v. *Fox* (205 N. Y. 490). In that case the charge was one of disorderly conduct tending to a breach of the peace. The defendant in that case pleaded "not guilty;" a magistrate of the city of New York held court and tried the defendant on Sunday and convicted him, and sentence was imposed. The Appellate Division of the First Department in *People ex rel. Price* v. *Warden, etc.* (73 App. Div. 174) had held prior to this decision that this procedure was proper. The Appellate Division of the Second Department in the case of *People ex rel. Ryan* v. *Superintendent, etc.* (149 App. Div. 794) had held to the contrary. The *Burke* case was decided, as I understand it, upon the ground that the offense committed was an offense against police regulations and was not a criminal case within section 5 of the Judiciary Law. The court in that case drew the distinction between special proceedings of a criminal nature, such as vagrancy, bastardy, cases under the Poor Law and others of a similar character, and other offenses such as common-law crimes, of which assault in the third degree is one.

The crime of assault in the third degree is provided for in section 244 of the Penal Law, and it is made punishable by section 245 of the Penal Law by imprisonment for not more than one year or by a fine of not more than $500, or both. This crime is not a police regulation; it is a common-law offense. (Blackstone [Chase's 4th ed.], 850; 3 Cyc. 1063.)

At common law it was an indictable offense, punishable with fine and imprisonment. (Blackstone [Chase's 4th ed.], 854.)

The right to a trial by jury at common law for indictable offenses existed. (Blackstone [Chase's 4th ed.], 1023.)

What has been said before as to this offense is for the purpose of distinguishing the offense here charged from the disorderly conduct charge in the case of *People ex rel. Burke* v. *Fox* (*supra*). The question, therefore, presents itself as to whether or not a common-law crime, triable by jury, can be tried before a magistrate on Sunday, and a conviction and sentence had either upon a plea of guilty or otherwise. If a conviction can be had upon a plea of guilty, then it follows that a conviction upon a trial can be had, jurors

summoned, witnesses sworn, trial had. It would not seem that this is within the contemplation of section 5 of the Judiciary Law.

The words " commit " or " discharge " in the statute have no reference to a trial. They mean simply that persons arrested can be discharged on Sunday by a magistrate if there be no ground for holding them, or that they can be committed for a hearing if that be the proper course. (*People ex rel. Price* v. *Warden N. Y. State Reformatory*, 73 App. Div. 174.)

At common law no judicial act could be done on Sunday. (*Story* v. *Elliot*, 8 Cow. 27.)

But it was entirely competent for the Legislature to change this rule in such manner as in its judgment it thought best. (*People ex rel. Price* v. *Warden, supra.*)

At common law no judicial process could be issued on Sunday. (*Van Vechten* v. *Paddock*, 12 Johns. 178.)

A writ served on Sunday was held irregular. (*Rob & Neilson* v. *Moffat*, 3 Johns. 257.)

Process returnable on Sunday held illegal. (*Gould* v. *Spencer*, 5 Paige, 541.)

Entry of judgment on Sunday illegal. (*Hoghtaling* v. *Osborn*, 15 Johns. 119.)

It was misconduct vitiating the award for arbitrators to sit as such on Sunday. (*Matter of Picker*, 130 App. Div. 88.)

Proceeding on Sunday by a justice of a court of Special Sessions in a criminal case was error for which the judgment should be reversed. (*People* v. *Luhrs*, 29 N. Y. Supp. 789.)

Trial of a defendant on Sunday charged with the crime of petit larceny was illegal. (*Pulling* v. *People*, 8 Barb. 384.)

A summons served on Sunday was void under the Penal Law. (*Babb* v. *Black*, 223 App. Div. 780; Penal Law, § 2148.)

Trial and conviction of defendants on Sunday, charged with a violation of section 1897 of the Penal Law in having in their possession revolvers without a written license, upon their plea of guilty was void. (*People ex rel. Margus* v. *Ramsey*, 128 Misc. 39.)

The provisions of section 5 of the Judiciary Law prohibiting courts from transacting business on Sunday cannot be waived by the parties to the litigation or either of them. (*Ruderfer* v. *Kuflik*, 222 App. Div. 626.)

A privilege merely personal may be waived, but a public fundamental right, the exercise of which is requisite to jurisdiction to try, condemn and punish, is binding upon the individual and cannot be disregarded. (*People ex rel. Battista* v. *Christian*, 249 N. Y. 314.)

In *Taylor* v. *Phillips* (3 East, 155) Lord ELLENBOROUGH, Ch. J., says: " It was a matter of public policy that no proceedings of the

nature described in the statute should be had on a Sunday; and, therefore the regularity or irregularity of them could not depend on the assent of the party afterwards to waive an objection to such proceedings, which were in themselves absolutely avoided by the statute." (*People* v. *Dewey*, 23 Misc. 267.)

The relators were illegally convicted and are illegally detained. The writ of habeas corpus is sustained and the defendants are discharged from imprisonment.