THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* OTTO WARNER, Defendant.

County Court, Chenango County, August 8, 1934.

*Glenn F. Carter, District Attorney,* for the People.

*Frank W. Barnes,* for the defendant.

BROWN, J.  The defendant has been convicted after a jury trial in this court of operating a motor vehicle while in an intoxicated condition after having been convicted of operating a motor vehicle while in an intoxicated condition, in violation of section 70 of the Vehicle and Traffic Law.  This is a motion made on the minutes for a new trial.

The grounds of the motion are: (1) That the conviction was had upon evidence consisting in part of a confession without additional proof that the crime charged has been committed; (2) the admission of improper evidence; (3) refusal to charge certain requests; (4) that the prior conviction of operating a motor vehicle while in an intoxicated condition was void. These grounds will be considered in the order above mentioned.

Subdivision 5 of section 70 of the Vehicle and Traffic Law provides: " Whoever operates a motor vehicle or motorcycle while in an intoxicated condition after having been convicted of operating a motor vehicle or motorcycle while in an intoxicated condition shall be guilty of a felony." The indictment charged the defendant with operating a motor vehicle while in an intoxicated condition on March 15, 1934, and after having been convicted of operating a motor vehicle while in an intoxicated condition. The evidence on the part of the People showed that the defendant operated a motor vehicle on the highway between the villages of Afton and Bainbridge in this county and was intoxicated at the time and so operated his car as to force the driver of a truck approaching from the opposite direction off the highway and into the ditch. Although the defendant took the stand in his own behalf, he did not deny the circumstances in relation to forcing the truck off the highway at the place and time testified to by the People's witnesses, except he stated he had no knowledge of any one being crowded off the road. The evidence in behalf of the People in support of its case against the defendant relating to the former conviction was in the nature of a confession by the defendant to the trooper at or about the time of his arraignment before the justice of the peace. Later, during the trial and while the defendant was a witness in his own behalf, on direct examination under oath, he admitted he had previously been convicted in this county of operating a motor vehicle while intoxicated.

It is the operation of a motor vehicle while intoxicated after having previously been convicted of operating a motor vehicle while in an intoxicated condition that makes the offense a felony. The former conviction becomes an element which calls for a more severe punishment than in the case of a first conviction. The People offered evidence of the intoxicated condition of the defendant and of his operation of a motor vehicle while in such condition on the 15th day of March, 1934. Such acts constituting in part the crime were supported by evidence and did not in any way depend upon any confession of the defendant. The only ingredient of the crime to which the confession related was the prior conviction. It is not necessary that the additional proof referred to in section 395 of the Code of Criminal Procedure shall apply to every element of the

crime charged. In *People* v. *Burness* (178 N. Y. 429, at p. 431) the court, considering the section, say: "Under section 395, Code of Criminal Procedure, before a man who has confessed a crime may be convicted there must be ' additional proof that the crime charged has been committed.' But proof of the finding of a body with marks of violence upon it, supplemented by a defendant's confession of guilt, is sufficient for conviction, as the meaning of the Code is that there must be some other evidence of the *corpus delicti* beside the confession." It will be noted in that case, where the charge involved the serious crime of murder, proof of the mere finding of the body with marks of violence upon it, without further proof that the defendant was the person who caused such marks to be made or who participated in the making of them, was such slight additional proof as to be sufficient when considered with the confession of the defendant.

In *People* v. *Jaehne* (103 N. Y. 182, at p. 199) Judge ANDREWS, writing, says: "The main evidence produced on the trial to sustain the charge of bribery, was that of a police inspector and other police officers, who testified to confessions of the defendant. * * * But it is claimed that there was no proof in addition to the confessions, as required by statute, to warrant a conviction. * * * There was evidence given on the trial, showing that the Broadway railway grant was passed under circumstances, which while they may possibly have been consistent with an innocent intention on the part of the defendant and others, nevertheless indicated the operation of unusual motives and influences, and when interpreted in the light of the confession, are strongly corroborative of its truth. It is insisted that under the statute *corpus delicti* must be proved, or evidence given tending to prove it, wholly independent of the confession, and that no evidence was given, which, disconnected with the confessions, had a legal tendency to prove the body of the crime. * * * But we are of opinion that when, in addition to the confession, there is proof of circumstances which, although they may have an innocent construction, are nevertheless calculated to suggest the commission of crime, and for the explanation of which the confession furnishes the key, the case cannot be taken from the jury for a non-compliance with the requirement of the statute."

In *People* v. *Elliott* (106 N. Y. 288) the court say: "It is not necessary that the corroborative evidence of itself should be sufficient to show the commission of the crime, or to connect the defendant with it. It is sufficient if it tends to connect the defendant with the commission of the crime. Nor need the corroborative evidence be wholly inconsistent with the theory of the defendant's innocence."

39

The decisions dealing with the question of corroboration of the evidence of an accomplice are pertinent here. The corroborative evidence required in a case of the confession of the defendant is no stronger than the corroborative evidence required in case of the testimony of an accomplice. (Code Crim. Proc. § 399.) In *People* v. *Cohen* (223 N. Y. 406, at p. 426) appears the following: " The statute does not require that the whole case should be proved outside of the testimony of the accomplice, but simply requires evidence from an independent source of some material fact tending to show not only that a crime has been committed but that the defendant was implicated in it."

In *People* v. *Dixon* (231 N. Y. 111, at p. 116) Judge POUND, writing on the subject of corroboration of an accomplice, says: " The ' other evidence ' must be such ' as tends to connect defendant with the commission of the crime.' The corroborative evidence need not show the commission of the crime; it need not show that defendant was connected with the commission of the crime. * * * It is enough if it tends to connect the defendant with the commission of the crime in such a way as may reasonably satisfy the jury that the accomplice is telling the truth. The corroboration is not restricted to any particular point. Its connection with defendant's own statements and denials should be considered." (*People* v. *Everhardt*, 104 N. Y. 591; *People* v. *Deacons*, 109 id. 374; *People* v. *Brasch*, 193 id. 46; *People* v. *Becker*, 215 id. 126.)

It was not necessary that evidence corroborating the confession of the defendant as to the prior conviction should have been offered. " Corroboration of the confessions was not required. A confession is only insufficient to warrant conviction when there is lacking the ' additional proof that the crime charged has been committed.' " (*People* v. *DiGregario*, 205 App. Div. 629.) " It will be observed that the statute does not require that the confession itself shall be corroborated. It provides merely that alone it shall be insufficient to warrant conviction. The only additional proof which the statute makes necessary to justify a jury in convicting a defendant who has confessed his guilt is that there shall be proof ' that the crime charged has been committed.' " (*People* v. *Roach*, 215 N. Y. 592, 600.)

" It has been held that it is not necessary in order to satisfy the statute that the crime charged should be established by such proof other than the confession as would be sufficient to sustain a conviction. There must, however, be at least some proof tending to show the commission of the crime." (*People* v. *Nentarz*, 239 App. Div. 109, 111.)

" The corroboration which the law requires is not of the confession but of the fact that the crime charged has been committed.

A confession is only insufficient to warrant conviction when there is lacking the ' additional proof that the crime charged has been committed.' " (*People* v. *Clark*, 228 App. Div. 670.)

The contention of the defendant that the defendant's confession of the prior conviction must be corroborated by additional proof is fully answered in *People* v. *Lytton* (257 N. Y. 310).

The admission of the defendant on his direct examination of the prior conviction is sufficient other proof corroborating his confession to the trooper. (*People* v. *Eaton*, 122 App. Div. 706.)

I have examined the cases cited in brief of counsel for defendant and find none that changes the rule as expressed in the foregoing decisions. *People* v. *Steinmetz* (240 N. Y. 411) contains no statements which, to my mind, call for a new trial in the instant case. I find nothing in the opinion in *People* v. *McIntyre* (99 Misc. 17), cited in counsel's brief, in any way changing the rule. At page 21, speaking of the methods provided in the Criminal Code for the proving of prior convictions, the court says: " They do not restrict the method of furnishing such proof but on the contrary extend it. They prescribe additional ways in which such proof may be offered. It may be offered by any of the methods permitted in civil cases. (Criminal Code, § 392.) That may be in accordance with the rules of the common law or by any other competent proof. (Code Civ. Proc. § 962.) " In the cases of *People* v. *Gilman* (161 App. Div. 920) and *People* v. *Van Aalst* (211 id. 861) the facts in the opinion disclose that the only proof in the case of the commission of the crime was the confession alone. In *People* v. *Crossman* (184 App. Div. 724) the question there arose over the confession having been obtained through intimidation and by promises made.

As to the point raised that improper evidence was received on the trial, counsel cites *People* v. *Friedman* (149 App. Div. 873, 875) and *People* v. *Harcourt* (89 Misc. 262) as authority that the admission of a telephone conversation between a police officer and some third party is improper. Counsel evidently is under the impression that, in the trial of the present case, some conversation between the trooper and the State barracks by way of telephone was admitted. The record, however, discloses that, although the district attorney attempted to prove a telephone conversation between the trooper and the barracks at Sidney, N. Y., on objection by counsel such evidence was not allowed. At folio 129 and following the record shows the district attorney attempted to prove a conversation which took place between Trooper Packard and the barracks on March 16, 1934. Under objection by defense counsel, he was not permitted to testify to the conversation had over the telephone but was permitted only to relate a conversation he had with the defendant

following some conversation which he had previously had over the telephone, the substance of the telephone conversation not being given.

Defendant's counsel also complains that motions to strike out the evidence given by witnesses, which evidence was not responsive to the questions asked, were denied. In those instances where such motions were denied, the record discloses that, while the answers may not have been responsive to the questions, the evidence given by such answers was competent evidence and a part of the *res gestæ*. An examination of those cases relied on by defendant's counsel shows that in each instance the evidence objected to as not being responsive to the question and not stricken out on motion was incompetent evidence. In *Platner* v. *Platner* (78 N. Y. 90, at p. 101), writing on the subject, the court has the following to say: " Evidence admitted either without objection, or properly on an objection, which for any reason should not be considered by the jury or affect the result, is not necessarily stricken out, but may be retained in the discretion of the court; the remedy of the party being to ask for instructions to the jury to disregard it." Testimony that is not irrelevant to the matter which is at issue before the jury is not necessarily stricken out. (*Pontius* v. *People*, 82 N. Y. 339; *Marks* v. *King*, 64 id. 628.) In the case of *Helmken* v. *City of New York* (90 App. Div. 135), strongly relied upon by defendant's counsel, it appears that the evidence given in an answer which was not responsive to the question was not competent evidence, and it was because of such incompetency that its admission was considered grounds of serious error, as shown by the statement in the opinion, at page 136: " The evidence was entirely incompetent, and for that reason we are required to reverse the judgment." There is nothing to indicate that the reversal would have followed had the evidence been considered competent, although *Coleman* v. *People* (58 N. Y. 555, at p. 561) the rule is given as follows: " The rule undoubtedly is, that when a fact is conclusively proved, by competent evidence, so that the court can see that no prejudice or injury could possibly have resulted from the admission of incompetent evidence to prove the same fact, its admission will not be cause for interfering with the result or reversing a judgment, but the rule is to be cautiously applied, especially in criminal cases."

Counsel requested the court to charge the jury " that they cannot convict upon the unsupported admission or confession of the defendant as to previous convictions without corroboration." The court declined to so charge. The decisions herein referred to on the subject of corroboration of confessions sustain the refusal of the court to so charge. The request as framed called for a rule different

than that expressed in section 395 of the Code of Criminal Procedure. That section does not require corroboration of the confession but provides merely that the confession is not sufficient to warrant conviction without additional proof of the commission of the crime charged. (*People* v. *Lytton, supra.*)

In submitting the case to the jury the court submitted both the question of the intoxication of defendant on March 15, 1934, and also the question of whether the defendant had been previously convicted of driving a car when in an intoxicated condition. The jurors were permitted to pass upon and decide both of these questions. (*People* v. *Everhardt,* 104 N. Y. 591.)

On the motion the defendant's counsel raises for the first time the question of the validity of the prior conviction. He asserts that September 25, 1927, fell on Sunday and asks the court to take judicial notice of that fact, contending that a conviction by a Court of Special Sessions on Sunday for the crime charged at the time of such conviction was not valid. Trooper Packard testified that defendant told him that he had previously been convicted for driving while intoxicated, fined twenty-five dollars and "given suspended sentence." The trooper gave the date as September 25, 1927. The defendant raised no question on the trial as to the validity of the former conviction; in fact, as before suggested, admitted a previous conviction. Had the point been raised at the trial that the previous conviction was had on Sunday, it would have enabled the district attorney to have shown the correct date the conviction was had. Evidently the defendant knew at the time he was testifying that his conviction was not had on Sunday but was a legal conviction, for he treated it as such in his own testimony. He cannot well be heard to complain now, having failed to raise the question at any time during the trial of the action. However, the date of the former conviction was not material on the trial of the present indictment. In making proof of the crime charged in the indictment, it was not necessary to prove that the former conviction was legal. The wording of the portion of the statute relating to a former conviction is: " after having been convicted of operating a motor vehicle or motorcycle while in an intoxicated condition." Had it been the intent of the Legislature that proof of the validity of the former conviction should be made, it would have shown such intention by appropriate words, such as preceding the word " convicted " where found in the statute by the word " legally." To meet the requirements of the statute, the People were required to prove, in addition to the fact of the intoxication of the defendant March 15, 1934, and his operation of a motor vehicle at that time, that he had previously been " convicted " of operating a car when

in an intoxicated condition. The legality of the previous conviction was not involved. The People were merely bound to prove the fact of conviction and not its legality.

In *People* v. *Boardman* (172 App. Div. 733), a case where the defendant was convicted of burglary in the third degree as a second offense, on the appeal the defendant contended there was not sufficient evidence of his prior conviction. Section 1941 of the Penal Law was there under consideration. That section reads, in part, as follows: " A person who, after having been convicted within this state of a felony or an attempt to commit a felony  *  *  * commits any felony within this state is punishable upon conviction of such second offense as follows: ". It will be observed that the language appearing in said section —" after having been convicted "— is the same found in subdivision 5 of section 70 of the Vehicle and Traffic Law. The court (at pp. 735 and 736) say: " We think the evidence was sufficient to show the former conviction and that it was not necessary to introduce in evidence the previous indictment in view of the fact that the court is required, by section 1941 of the Penal Law, to act in imposing a sentence for a second conviction upon proof of a prior conviction alone; nor do we think it was necessary to show by the record or otherwise that upon the former conviction defendant was asked before sentence was imposed whether he had any cause to show why judgment should not be pronounced against him. Failure to do this may have constituted a basis for appeal from the judgment of conviction, but it is the *fact of conviction* rather than *its legality* that was required to be proved in this case to bring the case within section 1941 of the Penal Law." (Italics mine.) Approval of this conclusion is found in *People ex rel. Bierbaum* v. *Jennings* (135 Misc. 809, 813).

The defendant was given a fair and impartial trial, and, in my opinion, the evidence fully justified the verdict of the jury and I find no sufficient reason for disturbing the same. Motion for a new trial denied.