The People of the State of New York, Respondent, *v.* Otto Warner, Appellant.

There was ample proof of defendant's condition at the time of the commission of the offense. The previous conviction was established by defendant's confession and by his admissions while a witness. The appellant contends that it was incumbent upon the prosecution to establish this previous conviction by testimony other than defendant's own confession under section 395 of the Code of Criminal Procedure. The previous conviction merely characterizes the degree of culpability and does not change the identity of the crime. The additional proof required by section 395 does not extend to such independent crime. (*People* v. *Lytton*, 257 N. Y. 310.) Some of the evidence as to the previous conviction indicated that it was had on Sunday, September 25, 1927. This was not called to the attention of the court until defendant moved in arrest of judgment.

Judgment of conviction affirmed.

Hill, P. J., Rhodes and Bliss, JJ., concur; Heffernan, J., dissents, with an opinion, in which Crapser, J., concurs.

Heffernan, J. (dissenting). I dissent from the views of the majority and vote to reverse the judgment of conviction and dismiss the indictment.

Appellant was indicted and convicted as a second offender while operating a motor vehicle in an intoxicated condition. Under the provisions of subdivision 5 of section 70 of the Vehicle and Traffic Law operating a motor vehicle in an intoxicated condition is a misdemeanor. A second or subsequent conviction for such an offense constitutes a felony.

On the trial it appeared that appellant was convicted as a first offender on September 25, 1927, which was on Sunday, of the crime of operating a motor vehicle while intoxicated. The court will take judicial knowledge of the days on which Sunday falls. (15 R. C. L. 1100; *Hunter* v. *New York, Ontario & Western R. R. Co.*, 116 N. Y. 615; *Ryer* v. *Prudential Ins. Co.*, 85 App. Div. 7.) The sole question here is the validity of the first conviction. The pertinent provisions of section 5 of the Judiciary Law as it existed in 1927 are: " A court shall not be opened, or transact any business on Sunday, except to receive a verdict or discharge a jury * * *. But this section does not prevent the exercise of the jurisdiction of a magistrate, where it is necessary to preserve the peace, or, in a criminal case, to arrest, commit or discharge a person charged with an offense." That section has since been amended by chapter 602 of the Laws of 1930, in effect April 19, 1930, so that a Court of Special Sessions may now take a plea of guilty and pronounce sentence on Sunday in any case where such court has jurisdiction. Prior to this amendment a conviction on Sunday for the offense described here was absolutely void. (*People ex rel. Margus* v. *Ramsey*, 128 Misc. 39; *Pulling* v. *People*, 8 Barb. 384; *Allen* v. *Godfrey*, 44 N. Y. 433; *Moss* v. *State*, 131 Tenn. 94; 173 S. W. 859.)

It is contended, however, that appellant's prior conviction was not void, and to sustain that argument reliance is placed on *People ex rel. Burke* v. *Fox* (205

N. Y. 490); *People* v. *Kaplan* (217 App. Div. 252); *People ex rel. Price* v. *Warden, etc.* (73 id. 174). These cases are not in point. *People ex rel. Burke* v. *Fox* (*supra*) and *People ex rel. Price* v. *Warden, etc.* (*supra*) both arose in the city of New York. The Inferior Criminal Courts Act (Laws of 1910, chap. 659, § 71, as amd. by Laws of 1912, chap. 469), relating to the Magistrates' Courts of the city of New York, contains a provision for holding courts on every day of the week, including Sunday. There is no limitation upon the jurisdiction of the Sunday courts. In *People* v. *Kaplan* (*supra*) it appeared that appellant was convicted on Sunday of a violation of subdivision 4 of section 887 of the Code of Criminal Procedure. That section relates to vagrants, and as pointed out by the Court of Appeals in *People ex rel. Burke* v. *Fox* (*supra*), does not constitute a crime in the strict sense of the word. There the Court of Appeals said that vagrancy, public drunkenness and various kinds of disorderly conduct and other minor offenses fall within the classification of violations of police regulations. The same distinction is also made in *Steinert* v. *Sobey* (14 App. Div. 505).

It is also contended that appellant is not in a position to question the prior judgment collaterally. This is an erroneous view of the law. (*O'Donoghue* v. *Boies*, 159 N. Y. 87; *Matter of Doey* v. *Howland Co., Inc.*, 224 id. 30; *Nankivel* v. *Omsk All Russian Government*, 237 id. 150.)

The record in this case discloses that appellant questioned the validity of the prior conviction by a motion in arrest of judgment. The question of jurisdiction may always be raised on such a motion.

In view of the fact that appellant's previous conviction was void, the County Court had no jurisdiction of the offense. Appellant should have been tried by a Court of Special Sessions.

The judgment of conviction should, therefore, be reversed and the indictment dismissed and the appellant discharged.

Crapser, J., concurs. [152 Misc. 607.]