OPINION OF THE COURT
Anne G. Feldman, J.
After a Sló-month jury trial and 6V2 days’ deliberation, the *240 defendant was convicted of conspiracy, insurance fraud, grand larceny, offering false instruments for filing, bribing a witness, criminal solicitation, and violating Judiciary Law § 482 (prohibiting attorneys from employing lay persons to solicit or procure legal business).
Before the jury retired on Saturday night, the court ruled in limine that it would respond to any jury requests for information during its Sunday deliberations. Defendant objected, arguing that this violated Judiciary Law § 5, which provides: "A court shall not be opened, or transact any business on Sunday, except to receive a verdict or discharge a jury and for the receipt by the criminal court of the city of New York or a court of special sessions of a plea of guilty and the pronouncement of sentence thereon in any case in which such court has jurisdiction. An adjournment of a court on Saturday, unless made after a cause has been committed to a jury, must be to some other day than Sunday. But this section does not prevent the exercise of the jurisdiction of a magistrate, where it is necessary to preserve the peace, or, in a criminal case, to arrest, commit or discharge a person charged with an offense, or the granting of an injunction order by a justice of the supreme court when in his judgment it is necessary to prevent irremediable injury or the service of a summons with or without a complaint if accompanied by an injunction order and an order of such justice permitting service on that day” (emphasis supplied).
This opinion — interpreting that rarely invoked statutory provision — expands upon the court’s Bench ruling on that objection.
The trial ended on a Wednesday.[1] Jury deliberations began that afternoon, and except for periods of overnight and meal recess, continued until approximately 9:00 p.m., Saturday. Prior to excusing the jury Saturday night, the court determined that its members unanimously preferred to deliberate on Sunday rather than remain sequestered until Monday.[2] As they left for their overnight recess, the jury delivered a note which requested a rereading of certain testimony,[3] asking specifically through the court personnel that this be done the *241 next morning. On Sunday, after the jury’s return to the courthouse, the court responded to that note. It is that response which defendant challenges as unauthorized.
Judiciary Law § 5 — and its statutory predecessors appearing as early as 1829 (Rev Stats of NY, part III, ch III, tit I, § 7)— expresses a public policy, dating from the 6th Century A.D., prohibiting judicial proceedings or judicial acts on Sundays[4] (Ann., 85 ALR2d 595). However, both the common law and modern statutes (up to and including § 5) have consistently admitted exceptions to this prohibition.[5]
By permitting courts to receive verdicts and discharge juries on Sunday, and by authorizing adjournments to Sunday in cases already "committed to a jury”, the Legislature has implicitly recognized that juries may also be deliberating on Sundays.
Jury requests for information are integral to jury deliberations. Moreover, refusal to respond to a jury’s note would violate CPL 310.30 which provides that: "[u]pon such a request [for information from a deliberating jury], the court must direct that the jury be returned to the courtroom and, after notice to both the people and counsel for the defendant, and in the presence of the defendant, must give such requested information or instruction as the court deems proper” (empha *242 sis supplied). Failure or delay in responding to such a request constitutes error and could warrant reversal (People v Jackson, 20 NY2d 440, 454, cert denied 391 US 928 [1968]; People v Miller, 6 NY2d 152 [1959]; People v Hall, 101 AD2d 956, 957 [3d Dept 1984]).
"Where it is possible to do so, it is the duty of the courts, in the construction of statutes, to harmonize and reconcile laws, and to adopt that construction of a statutory provision which harmonizes and reconciles it with other statutory provisions” (73 Am Jur 2d, Statutes, § 254, at 425 [1974]; Chamberlain v Chamberlain, 43 NY 424, 438 [1871]). Therefore, absent a specific provision in the Judiciary Law interdicting a response to a jury note on a Sunday, this court must construe section 5 consistently with the CPL.
In any event, as a matter of public policy, a liberal interpretation of the section 5 language is appropriate. A decade ago, the Court of Appeals declared unconstitutional the "Blue Laws” prohibiting certain commercial activity on Sunday. In so holding, the court recognized that numerous statutory exceptions — tailored to the needs and desires of diverse merchants and consumers — had rendered a once uniform policy irrational and nearly incomprehensible (People v Abrahams, 40 NY2d 277, 285 [1976]). Similarly, Judiciary Law § 5 should be read to meet current societal values and behavior.
Of course, no court should construe a statutory provision simply to accord with expediency; nor should a court usurp the legislative will. But, here, history and jurisprudence both suggest that the Legislature intended flexibility in interpretation. Where the jury is anxious to continue its deliberations without interruption, and needs information to enable it to do so, the law should be interpreted so as to make this possible. Thus, a prompt answer to the jury’s inquiry was called for.

. The jury returned a verdict at approximately 4:00 p.m. on Monday.

. At one juror’s request, arrangements were made for her to attend religious services prior to Sunday’s deliberations.

. Prior to Sunday’s deliberations, the court had received from the jury 18 other such requests.

. In the first five centuries of the Christian era, the Christian courts were open on Sundays as well as other days of the week. It was not until the English kings ratified portions of the Catholic Church’s canon law that the common law adopted the prohibition at issue here. (See, Merritt v Earle, 31 Barb 38, 41 [Sup Ct, Kings County 1859].)

. No less august a source than Lord Coke asserted that although the courts could not give judgment or award judicial process on Sunday, they could act on other matters connected to judicial proceedings (Isaacs v Beth Hamedash Socy., 1 Hilt 469 [1857], citing 3 Coke 355).
Judicial interpretations of Judiciary Law § 5’s predecessor statutes show recognition that Sunday judicial activity is at times necessitated by and ancillary to receipt of a verdict from a deliberating jury (People ex rel. Margus v Ramsey, 128 Misc 39, 40 [Sup Ct, Schenectady County 1926] [Sunday judicial rendition of the verdict permissible as a "mere ministerial act”]; Allen v Godfrey, 44 NY 433 [Commn of App 1871] [Sunday judicial announcement of verdict and computation and entry of costs in Judge’s minute book permissible when judgment entered in docket on Monday]).
Aside from receiving verdicts and discharging juries on Sundays, the current statute allows New York City Criminal Courts to accept pleas and pronounce sentence; it provides that magistrates may "act where it is necessary to preserve the peace”, or, in a criminal case, order the arrest, commitment or discharge of an accused, and that Supreme Court Justices may grant injunctions; it also authorizes Sunday service of process pursuant to such injunctions (Judiciary Law § 5).