(35 Misc. Rep. 320.)

### PEOPLE ex rel. DONOHUE v. WALTON, Sheriff.

(Supreme Court, Special Term, Kings County. June 19, 1901.)

SUNDAY—COURTS—VALIDITY OF CONVICTION.

    Under Code Civ. Proc. § 6, providing that a court shall not be opened or transact any business on Sunday, but also declaring that a magistrate may exercise his jurisdiction where it is necessary to preserve the peace, or to arrest, commit, or discharge a person charged with an offense, a conviction and commitment by a magistrate on Sunday is illegal.

Habeas corpus by the people, on the relation of Johana Donohue, against William Walton, sheriff of Kings county. Demurrer to return. Relator discharged.

Mitchell May, for relator.
Robert Elder, for respondent.

GAYNOR, J.   By the return it appears that the relator is de-
tained in the county jail under a warrant of commitment made by
a magistrate of the city of New York.   The certificate of conviction
and warrant of commitment (Code Cr. Proc. §§ 891, 892) recite that
she was brought before the said magistrate on June 2, 1901, upon
complaint of being a vagrant, and that on the said day the magis-
trate heard the case and convicted her, and committed her to the
county jail for one month at hard labor.

As the day was Sunday it is claimed that the certificate of convic-
tion and warrant of commitment are void.   This is so.   At common
law no judicial act could be done on Sunday.   Story v. Elliot, 8
Cow. 27, 18 Am. Dec. 423; Van Vechten v. Paddock, 12 Johns. 178,
7 Am. Dec. 303.   The same rule is substantially declared by section
6 of our Code of Civil Procedure.   The reservation therein that "this
section does not prevent the exercise of the jurisdiction of a magis-
trate where it is necessary to preserve the peace, or, in a criminal
case, to arrest, commit or discharge a person charged with an of-
fense," does not permit of a trial on Sunday.   The words "commit
or discharge" have no reference to a trial.   They mean simply that
persons arrested can be discharged on Sunday by a magistrate if
there be no ground for holding them, or that they can be committed
for a hearing if that be the proper course.

The relator is discharged.