### PEOPLE ex rel. PRICE v. WARDEN OF NEW YORK STATE REFORMATORY AT BEDFORD.

(Supreme Court, Appellate Division, First Department. June 6, 1902.)

MAGISTRATES' COURTS—CONVICTION ON SUNDAY.

The city charter of New York, § 1398 (Laws 1897, c. 378, as amended by Laws 1901, c. 466), providing that the several magistrates' courts shall be opened every day at 9 o'clock in the morning, and not closed until 4 o'clock in the afternoon, "except on Saturday, Sundays and holidays, when morning sessions only shall be necessary," expressly authorizes the exercise on Sunday of all the ordinary functions of the court, so that even if Code Civ. Proc. § 6, forbids the general transaction of judicial business on Sunday, such section is repealed by the section of the charter quoted, and a trial, conviction, and commitment on Sunday are valid.

Appeal from special term, New York county.

Habeas corpus by the people, on relation of Daisy Price, against the warden of New York state reformatory at Bedford, N. Y. Relator pleaded guilty to a charge of disorderly conduct, and was sentenced to the reformatory. She petitions for habeas corpus on the ground that her trial, conviction, and sentence were had on Sunday. From an order sustaining the writ, respondent appeals. Reversed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Henry G. Gray, for appellant.

O'BRIEN, J. The case relied upon to support the order discharging the prisoner is that of People ex rel. Donohue v. Walton, 35 Misc. Rep. 320, 71 N. Y. Supp. 85. Therein it was said:

"At common law no judicial act could be done on Sunday. Story v. Elliot, 8 Cow. 27, 18 Am. Dec. 423; Van Vechten v. Paddock, 12 Johns. 178, 7 Am. Dec. 303. The same rule is substantially declared by section 6 of our Code of Civil Procedure. The reservation therein that 'this section does not prevent the exercise of the jurisdiction of a magistrate where it is necessary to preserve the peace or, in a criminal case, to arrest, commit or discharge a person charged with an offense,' does not permit a trial on Sunday. The words 'commit or discharge' have no reference to a trial. They mean simply that persons arrested can be discharged on Sunday by a magistrate if there be no ground for holding them, or that they can be committed for a hearing if that be the proper course."

We think that the word "commit," in section 6 of the Code, covers committing after conviction as well as committing to await trial. The

regular word or term used to describe the act by which a magistrate sentences in cases such as the one before us is "commit," and this is the word used in the various statutes and Codes as meaning conviction and sentence by a magistrate.   As said in Perkins v. Smith, 116,N. Y. 441, 23 N. E. 21:

"Words having a precise and well-settled meaning in the jurisprudence of a country are to be understood in the same sense when used in its statutes, unless a different meaning is unmistakably intended."

There appears in the present instance nothing to indicate that the legislature intended that after a hearing, if a situation was disclosed calling for punishment, a magistrate might not commit or sentence forthwith, as well as discharge.   On the contrary, the long-continued and uniform custom has been for magistrates, after the hearing, which is necessary to ascertain whether there be grounds for holding the persons arrested, to commit, if the guilt of the person is apparent   Thus our attention is called to commitments on Sunday similar to this in the earliest history of the state, dated August 12, 1798; and it is urged that section 6 should be interpreted with reference to such long-established custom.   It is shown futhermore that the original provision was (2 Rev. St. p. 275, § 7):

"But this section shall not prevent the exercise of the jurisdiction of any single magistrate when it shall be necessary in criminal cases to preserve the peace or to arrest offenders."

The purpose of the provision was to "preserve the peace," and, while doing so, at the same time to accord to persons who might otherwise be injured by longer detention an opportunity to be at once heard, and in proper cases set at liberty.   Although, therefore, if it was not intended to authorize a protracted trial on Sunday, power was given by the section to inquire into the detention, and, if nothing further was needed, to dispose of the case.   In so doing, we think, the magistrate might commit or sentence, as well as discharge; for it would seem to be an idle formality, if conviction was plainly called for, to bring the guilty person to the bar on a subsequent occasion.

Whether our view of the force and meaning to be given to the word "commit" in section 6 of the Code of Civil Procedure, or that taken in the Donohue Case, supra, is the correct one, however, it is unnecessary to determine, because that section has been superseded by subsequent legislation.   Although at common law Sunday was dies non juridicus, it was entirely competent for the legislature to substitute in this, as in other matters, a statute for the common-law rule; and not only has the legislature, in the provision of the Code referred to, made a new rule as to the exercise of the jurisdiction of magistrates on Sunday, but it has specifically directed in section 1398 of the charter of the city of New York (chapter 378, Laws 1897, as amended by chapter 466, Laws 1901) that in this district "the several magistrates' courts shall be opened every day at nine o'clock in the morning and  *  *  *  shall not be closed before four o'clock in the afternoon except on Saturday, Sundays and holidays when morning sessions only shall be necessary."   Section 1397 of the charter also refers to the holding of court by magistrates on Sunday.   These

later provisions, which had not been enacted, and therefore were not considered by the court, when the case of People ex rel. Donohue v. Walton, supra, was decided, are general, and without restriction, giving authority to open magistrates' courts at the hours named on Sunday, as on other days; and, in our opinion, it follows that the natural and ordinary functions of the magistrate's court should be exercised at such times both in the commitment and the discharge of prisoners. The legislature having granted the power to open such courts, from this naturally flows the right to exercise all the functions incident to and requisite for the proper and efficient administration of justice therein.

Our conclusion, therefore, is that the relator was legally sentenced, and that the writ of habeas corpus cannot avail her. The order sustaining the writ should accordingly be reversed, and the relator remanded to custody. All concur; LAUGHLIN, J., on last ground.