HYMAN RUDERFER, Appellant, v. AARON KUFLIK and Another, Respondents.

First Department, March 2, 1928.

**Trial — trial on Sunday — Judiciary Law, § 5, prohibits trial on Sunday — parties cannot waive that provision — trial having taken place on Sunday, judgment is vacated.**

The provisions of section 5 of the Judiciary Law prohibiting the courts from transacting business on Sunday cannot be waived by the parties to a litigation.

Accordingly, the proceedings before the referee in this case on Sunday under a stipulation of the parties were void and the order confirming the report of the referee is vacated and the judgment entered thereon is set aside.

APPEAL by the plaintiff from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 29th day of September, 1927.

*Sydney D. Robins* of counsel [*B. Leonard Slade*, attorney], for the appellant.

*Philip Goldfarb*, for the respondents.

FINCH, J. The plaintiff appeals from an order denying his motion to vacate an order confirming a referee's report and the judgment entered thereon upon the ground that one of the hearings took place on a Sunday in violation of section 5 of the Judiciary Law. It appears that the hearing in question was had at the express request of the parties and for their convenience, pursuant to a written stipulation filed by them waiving any legal irregularity with respect to said hearing. The appellant does not attack the report upon the merits, but relies solely upon the aforesaid objection. The appellant's tactics in going to trial upon the merits and, after an adverse decision, taking advantage of a situation deliberately created, is not commendable. Unfortunately, however, the order appealed from must be reversed upon the ground that the statutory prohibition in question involves a matter of public policy, and hence such statutory provisions may not be waived even with the express consent of the parties. The distinction between a statute involving a matter of public policy and one affecting private rights is pointed out by Judge MAYNARD in *Sentenis* v. *Ladew* (140 N. Y. 463, 466), where he says: " But a party may waive a rule of law or a statute, or even a constitutional provision enacted for his benefit or protection, where it is exclusively a matter of private right, and no considerations of public policy or morals are involved  *  *  *."

In *Taylor* v. *Phillips* (3 East, 155) Lord ELLENBOROUGH, Ch. J.,

said: "It was a matter of public policy that no proceedings of the nature described in the statute should be had on a Sunday, and therefore the regularity or irregularity of them could not depend on the assent of the party afterwards to waive an objection to such proceedings   *   *   *."

We are accordingly constrained to reverse the order appealed from and grant the motion, but without costs.

DOWLING, P. J., MERRELL, McAVOY and PROSKAUER, JJ., concur.

Order reversed and motion granted, without costs.