THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE MARTINEAU, Relator, v. GEORGE BRUNELL, as Sheriff of Clinton County, Plattsburg, New York, Respondent.*

County Court, Clinton County, October 14, 1929.

*Judge & Long* [*Robert S. Long* of counsel], for the relator.

*B. Loyal O'Connell, District Attorney,* for the respondent.

COLLINS, J. On Sunday, October 6, 1929, George Martineau was arrested by the State police in the town of Chazy upon the charge of violation of section 58 of the Motor Vehicle Law. He was immediately taken before a justice of the peace in the town and there, upon a plea of guilty, was sentenced to be confined in the Clinton county jail for a period of ten days and to pay, in

* See, also, 134 Misc. 529, 604.

addition thereto, a fine of twenty-five dollars, or be confined in the Clinton county jail for an additional period of twenty-five days. He has already served eight days of his sentence.

The question raised by this writ is simply: " Can a court convict a person on Sunday?"

In the absence of a permissive statute, a judge or magistrate has no authority to hold court or conduct a trial on Sunday. (*Pulling* v. *People*, 8 Barb. 384.)

Section 5 of the Judiciary Law provides: " A court shall not be open, or transact any business on Sunday, * * * except * * * where it is necessary to preserve the peace, or, in a criminal case, to arrest, commit or discharge a person charged with an offense."

The words " commit or discharge," as used in the Judiciary Law, do not contemplate a trial. Obviously, the intention is that persons may be discharged on Sunday by a magistrate if there is no legal ground for their detention. Or they may be admitted to bail or committed pending trial or hearing if there is probable cause to warrant such action. There is no legal difference between a conviction as a result of a plea of guilty and one that follows at the close of all the proof that is taken. In each instance judgment is pronounced. The proceedings in either case constitute a trial. In the one instance the proof comes from the mouth of the defendant; in the other, it is supplied by witnesses for the prosecution. The only possible difference in either case is the duration of time required to accomplish the result. Therefore, it follows that a conviction on Sunday, however obtained, is void. (*People ex rel. Margus* v. *Ramsey*, 128 Misc. 39.)

In the case at bar the magistrate is in no way at fault, as there is on record an opinion of the Attorney-General and some decisions to the contrary. But, if it is held that a conviction on Sunday is valid, it would only be by a strained construction of section 5 of the Judiciary Law. Following such a construction to its logical conclusion, lawyers might be retained and heard by the courts on Sunday, after a plea of guilty, to argue for or against leniency in the pronouncement of sentence.

Manifestly, this would be not only a violation of the spirit but the letter of the law as laid down in section 5 of the Judiciary Law.

Sunday is still sacred, despite the modern tendency to break down the laws governing that venerable day. And there still remain many laws relating to that day which the courts are called upon to enforce. Hence, it would be absurd for the courts, by a strained construction, to justify a violation or evasion of the very laws they are called upon to respect and enforce.

The petitioner, George Martineau, must be discharged forthwith.