THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WALTER B. FROST, Defendant.

County Court, Chautauqua County, March 8, 1930.

*Glenn W. Woodin, District Attorney,* for the plaintiff.

*William S. Stearns,* for the defendant.

OTTAWAY, J. The defendant was arrested by a State trooper on November 3, 1929. He was immediately taken before a justice of the peace where a charge of driving while intoxicated was entered against him. To this charge he pleaded guilty and was fined, the fine being paid. November 3, 1929, was Sunday. The defendant now appeals on the ground that the court had no jurisdiction to sentence on Sunday.

Section 5 of the Judiciary Law* provides that a court shall not transact any business on Sunday except to receive a verdict or discharge a jury. The section continues, " but this section does not prevent the exercise of the jurisdiction of a magistrate where it is necessary to preserve the peace, or, in a criminal case, to arrest, commit or discharge a person charged with an offense," etc. The only question presented upon this appeal is whether the proceedings in this case were the act of a magistrate where necessary to preserve the peace or within the meaning of that clause which gives, in a criminal case, power to arrest, commit or discharge a person charged with an offense. In favor of the proposition that the justice of the peace was clothed with authority to receive a plea of guilty and impose sentence, we are referred to the case of *People* v. *Kaplan* (217 App. Div. 252); to the case of *People ex rel. Burke* v. *Fox* (150 id. 114; affd., 205 N. Y. 490) and to the opinion of the Attorney-General in 1925 which appears in 35 State Department Reports, 235.

The appellant has referred us to several cases, the more important of which are the cases of *Rudefer* v. *Kuflik* (222 App. Div. 626); *People ex rel. Martineau* v. *Brunnell* (134 Misc. 891); *People ex rel. LaVelle* v. *Traphagen* (Id. 604); *People* v. *Mantei* (Id. 529). Our attention has also been called to a recent review of the cases upon the subject contained in the Cornell Quarterly for February, 1930 (being p. 288 of vol. XV, No. 2; Title, Notes and Comments; Subject, Courts: Validity of Trial and Sentence on Sunday for Reckless Driving).

The fact that this is a plea of guilty will not help the situation unless the case falls within the exception contained in section 5 of the Judiciary Law. For while a defendant may waive the benefit of a statutory provision which merely affects his own private rights, he may not waive a statute which involves a matter of public policy and clearly the question of whether or not a court may function on Sunday is a question of public policy. (See *Rudefer* v. *Kuflik,*

---

* Since amd. by Laws of 1930, chap. 602.

222 App. Div. 626; *Sentenis* v. *Ladew*, 140 N. Y. 463; *People* v. *Mantei*, 134 Misc. 529.)

A careful reading of the case of *People* v. *Kaplan* (*supra*) discloses that this case seems to be based upon the case of *People ex rel. Burke* v. *Fox* (205 N. Y. 490), and that in the *Fox* case the Inferior Criminal Courts Act* gave the trial court express jurisdiction to sit on Sunday. The opinion of the Attorney-General seems to be based mainly upon the *Kaplan* case and the same error is, therefore, perpetuated.

It cannot be logically argued that the sentencing of the defendant was "necessary to preserve the peace." The exception made in criminal cases under section 5 of the Judiciary Law permits arrests and commitment or discharge which are the acts which could properly be said necessary to preserve the peace. A trial or sentence do not further the interests of a peaceful Sunday once an arrest and commitment has been made.

If there be then any power in the Justice Court to sentence it must be found in the words "in a criminal case, to arrest, commit or discharge." In the case of *People ex rel. Price* v. *Warden* (73 App. Div. 174) the court extended the meaning of the word "commit" to include committing after conviction as well as committing to await trial although the case was determined upon another ground. Later cases above quoted have not found this position tenable. In determining the meaning of this exception some significance may perhaps be found in the word "magistrate." If the word is used loosely to indicate a Court of Special Sessions as distinguished from the individual who might hold that court, then, indeed a broader interpretation should be given to the clause in question. But if the word is to be given the strict construction (Code Crim. Proc. §§ 146, 147 and 959), then section 5 of the Judiciary Law gives no jurisdiction on Sunday to exercise the functions of a court as such but only the power of a magistrate to exercise the functions of a magistrate particularly as related to the preliminary proceedings which come before trial. The jurisdiction to try and to convict is conferred upon the court and not upon the individual. (*People* v. *Quimby*, 72 Misc. 421.) While the examination of the case (that is, the procedure which has to do with holding the defendant for trial) is a function delegated to the magistrate (Code Crim. Proc. § 188 *et seq.*), even in Courts of Special Sessions the procedure after the plea is before the court. (Code Crim. Proc. § 699 *et seq.*)

We conclude that the words "arrest, commit or discharge" do not include the power to try or to convict even on a plea of guilty for the adjudication of guilt is a court's function and not the function of a magistrate. It follows, therefore, that the conviction in this case must be reversed.

* Laws of 1910, chap. 659.

We are inclined to regard this conclusion as an unfortunate result. In days of a great amount of Sunday automobile traffic, it should be possible, when a magistrate is available and willing, to dispose of all cases of traffic violation immediately where no trial is necessary. To receive a plea of guilty and impose a sentence requires no more time than to fix bail and hold for trial on a week day. The power has been specifically given to Municipal Courts in large cities. There is no reason why Courts of Special Sessions throughout the State should not be given this power to sentence on a plea of guilty in such cases. The spirit of the present law is to make possible the arrest and commitment or discharge of those charged with crime. The law is designed to preserve the sanctity of the Sabbath and such sanctity is not further violated by permitting a justice of the peace who is available and listening to a case to pronounce sentence upon a plea of guilty instead of fixing bail and holding it until a week day. Under the present law apparently a defendant might appear before a justice of the peace and announce that he was guilty, still the court would be powerless to then pronounce sentence of commitment or impose a fine but would be required to either accept bail or commit the defendant to jail until the following day when such sentence could be pronounced. Such a result is ridiculous and could be obviated did this section of the Judiciary Law include with the power to " arrest, commit or discharge " also the power in Courts of Special Sessions to sentence upon a plea of guilty.

Apparently the arrest of this defendant and his production before the justice of the peace were regular. In accordance with the power given us by section 764 of the Code of Criminal Procedure, judgment of conviction is reversed and a new trial ordered.