THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. PHILIP WELLS, Defendant.

County Court, Rensselaer County, December 13, 1934.

*John J. Kelly, Assistant District Attorney*, for the plaintiff.

*Thomas J. Mohan*, for the defendant.

BREARTON, J. Upon a written information a warrant was issued against the defendant on September 26, 1934. The defendant appeared on Sunday, October 21, 1934, and after pleading not guilty, without any adjournment a trial was had, witnesses having been sworn for the People, and the defendant in his own behalf. He was thereupon adjudged guilty and sentenced to the " Rensselaer County Jail or pay a fine of $25.00."

Section 5 of the Judiciary Law provides that " a court shall not be opened, or transact any business on Sunday except to receive a

verdict or discharge a jury and for the receipt by a court of special sessions of a plea of guilty and the pronouncement of sentence thereon in any case in which such court has jurisdiction."

Prior to April 19, 1930, sentence even on a plea of guilty was not permitted on Sunday excepting only in courts where express jurisdiction was granted by law. Under chapter 602 of the Laws of 1930, this section of the law was amended permitting the sentence on a plea of guilty, but the amendment did not go to the extent of permitting any trials. The amendment was apparently intended to meet the emergency of many cases arising out of the great increase of Sunday automobile traffic. The right to trial was still withheld, the design of the law evidently being to preserve the sanctity of the Sabbath, at least to that extent. The fact that the defendant submitted to trial does not affect the error. The question is one of jurisdiction involving a matter of public policy and the defendant could not waive it.

In the case of *Ruderfer* v. *Kuflik* (222 App. Div. 626) it appears that a hearing was had at the express request of the parties and for their convenience pursuant to a written stipulation filed by them waiving any legal irregularity with respect to said hearing. A party may waive a rule of law or statute or even a constitutional provision intended for his benefit or protection where it is exclusively a matter of private right and no considerations of public policy or morals are involved. But there is a distinction between a statute involving a matter of public policy and one affecting private rights.

The judgment of conviction must be reversed and a new trial had.