In the Matter of the Arbitration of Certain Controversies between SOPHIE BRODY, Substituted Assignee in Place and in Stead of MAX ZLATIN, Deceased, Respondent, and HARRY OWEN, Appellant, under a Certain Written Submission Dated May 9th, 1937.— In a proceeding to confirm an award of arbitrators in favor of petitioner's assignor, Zlatin, order confirming the award and judgment entered thereon reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Appellant's affidavit in opposition to the motion alleges the following: Appellant, being involved in a controversy with petitioner's assignor, was asked to appear on Sunday, May 9, 1937, before a so-called " Court of Arbitration." Alone and without witnesses, he attended at the time and place designated. Though unable to read or write English, he was induced to sign a paper which was represented to be a " register of my [his] appearance," but which was in fact an agreement to submit his differences with Zlatin to arbitration. A hearing was then held before three arbitrators, which was broadcast over the radio. Appellant was given two minutes to state his defense. He was not advised that he might call his witnesses, nor did he have any adequate understanding of the nature of the proceeding. At the conclusion of the hearing he was advised that an award of $600 had been made against him. These allegations are not denied in the reply affidavit submitted in behalf of the moving party, and must, therefore, be deemed to be true. Assuming, as we must, the truth of appellant's account of the proceedings, the award cannot stand. The arbitration agreement was procured fraudulently, and the hearing was not calculated to lead to a just determination.

The practice of broadcasting arbitration proceedings by radio is to be condemned, for the conservation of time and the furnishing of public entertainment are likely to take precedence over considerations more important to the true administration of justice. For the foregoing reasons, the motion to confirm should have been denied. (Civ. Prac. Act, §§ 1462, 1463.) The hearing and the award were also illegal and void, because both occurred on a Sunday. Arbitration is a judicial proceeding and arbitrators perform a judicial function. (*Story* v. *Elliot*, 8 Cow. 27; *Fudickar* v. *Guardian Mutual Life Ins. Co.*, 62 N. Y. 392; *Matter of Fletcher*, 237 id. 440.) The proceedings were, therefore, in violation of section 5 of the Judiciary Law, which prohibits judicial proceedings on Sunday, with certain exceptions not pertinent here. (*Matter of Picker*, 130 App. Div. 88.) *Isaacs* v. *Beth Hamedash Society* (1 Hilt. 469) is not to the contrary, for that case was decided under an earlier and different statute. Even there it was conceded that if the award had been made on Sunday it would have been void. The statute expresses the public policy of the State, and cannot be waived. (*Ruderfer* v. *Kuflik*, 222 App. Div. 626.) Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur.