Fttld, J.
The defendant was arrested late one Saturday night and, charged with operating a motor vehicle while intoxicated (Vehicle and Traffic Law, § 70, subd. 5), arraigned before a justice of the peace, sitting as a court of special sessions. Failing to furnish bail, he was committed to jail for the night. On the following day, Sunday, he was again brought before the court and, on this occasion, entered a plea of guilty and paid the $100 fine imposed. A reversal of the judgment of conviction is now sought, as it was in the county court, upon the ground, principally, that “ the proceeding * * * was adjourned from a Saturday to a Sunday in violation of section 5 of the Judiciary Law. ’ ’
Despite a general prohibition against transacting business on Sunday, the courts have ever been empowered to perform certain functions on that day. (See, e.g., People ex rel. Margus v. Ramsey, 128 Misc. 39, 40.) The applicable state-wide statute has, for instance, always sanctioned a Sunday session for the purpose of permitting a court “ to receive a verdict or discharge a jury ” (Judiciary Law, § 5, derived from Rev. Stat. of N. Y., part III, eh. Ill, tit. I, § 7). And, in 1930, apparently to meet the situation created, in part, by the growth of week-end motor travel and a great increase in traffic violations (see, e.g., People v. Frost, 136 Misc. 40, 43; People v. Wells, 153 Misc. 730, 731), the legislature amended the statute, section 5 of the Judiciary Law, explicitly to authorize a court of special sessions to receive a plea of guilty and pronounce sentence on Sunday (L. 1930, ch. 602).[1]
The defendant was arraigned, following his arrest, on Saturday and was, as noted above, detained in jail over night when he failed to post bail. Although the statute, in its second sentence, recites that an “ adjournment” on Saturday “ must be to some other day than Sunday ’ ’, this does not mean, as the defendant insists, that the court was compelled to put off his *125 further appearance until Monday or some other week day. As the balance of the very sentence relied upon plainly indicates, and the purpose and history of the statute itself confirm, a postponement beyond Sunday is mandated only if a trial is actually in progress and is not concluded on Saturday. Where, though, as here, defendant’s Sunday appearance is solely for the purpose of recording a plea of guilty, the statute empowers the court to receive such plea and impose a fine.
There is little that need be said concerning defendant’s further plaint that he was not properly apprised of his rights. Not only does the return of the justice of the peace explicitly recite that the defendant was advised of “ all his rights at all stages of the proceedings ” against him, but examination of the so-called ‘1 arraignment memorandum, ’ ’ actually prepared and filed by the justice, fully confirms that such was the fact.
The judgment appealed from should be affirmed.
Chief Judge Conway and Judges Desmond, Dye, Feoessel, Van Vooehis and Bubke concur.
Judgment affirmed.

. As modified, and as it reads today, the statute declares that “A court shall not he opened, or transact any business on Sunday, except to receive a verdict or discharge a jury and for the receipt by a court of special sessions of a plea of guilty and the pronouncement of sentence thereon in any case in which such court has jurisdiction. An adjournment of a court on Saturday, unless made after a cause has been committed to a jury, must be to some other day than Sunday.” (Italics indicate matter added in 1930.)