■ WILLIAM E. KROMER, Appellant, v. NEW YORK STATE THRUWAY AUTHORITY, Respondent.— Judgment affirmed, without costs of this appeal to either party. All concur. (Appeal from a judgment of the Court of Claims dismissing a claim for damages for personal injuries alleged to have been sustained by claimant and for property damage to his automobile, alleged to have resulted by reason of negligent condition of Thruway.) Present — McCurn, P. J., Kimball, Bastow, Goldman and Halpern, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD MATUSKIEWICZ, Appellant.— Order affirmed. All concur. (Appeal from an order of Erie Supreme Court denying defendant's motion for a writ of error, *coram nobis.*) Present — McCurn, P. J., Kimball, Bastow, Goldman and Halpern, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STEPHEN CARTER, Appellant.— Judgment of conviction affirmed. All concur. (Appeal from a judgment of Onondaga County Court convicting defendant of the crimes of attempted robbery, first degree, and assault, second degree.) Present — McCurn, P. J., Kimball, Bastow, Goldman and Halpern, JJ.

■ ERIE COUNTY BOARD OF SOCIAL WELFARE, Respondent, v. SYLVESTER GRAHAM, Appellant.— Order affirmed, without costs of this appeal to either party. All concur. (Appeal from an order of Erie Children's Court adjudging defendant to be the father of the child of complainant and directing payments by him toward its support, in a filiation proceeding.) Present — McCurn, P. J., Kimball, Bastow, Goldman and Halpern, JJ.

■ In the Matter of EDWARD J. BAŃKO, Appellant, against DANIEL E. WEBER et al., Respondents.— Order reversed, without costs, and matter remitted to the Special Term for further proceedings. Memorandum: In our opinion, the order to show cause was properly granted by the Justice acting out of court. We find no provision in any statute of this State forbidding a Justice of the Supreme Court to grant an order of this character out of court on Sunday. The common law on this question was uncertain (cf. Lord Mansfield's opinion in *Swann* v. *Broome,* 3 Burr. 1595, affd. in the House of Lords, 6 Bro. P. C. 132; Holmsted, Sunday Laws of Canada, pp. 41–42, 64; Annual Practice [England, 1955], p. 1368) but if there ever was any common-law rule applicable to such an order, it was superseded by the statutes of this State, comprehensively dealing with the subject. (Black, Interpretation of Laws [2d ed.], § 112, p. 365; 11 Am. Jur., Common Law, § 15, p. 169; 50 Am. Jur., Statutes, § 345, p. 338; cf. *People ex rel. Price* v. *Warden,* 73 App. Div. 174, 177.) See, in particular, section 5 of the Judiciary Law, derived from section 6 of the Code of Civil Procedure, which was in turn derived from 2 Revised Statutes (1829), page 275, section 7. See, also, section 65 of the Civil Practice Act:— "Each justice, at all reasonable times, when not engaged in holding court, must transact such judicial business as may be done out of court." All concur, except Williams, J., who dissents and votes for affirmance. (Appeal from an order of Erie Special Term dismissing the proceeding on the ground of lack of jurisdiction.) Present — McCurn, P. J., Kimball, Williams, Goldman and Halpern, JJ. (Order entered October 27, 1959.)

■ JAMES V. RYAN, Respondent, v. BOARD OF ELECTIONS OF ERIE COUNTY, Respondents, and HARLEY J. HOADLEY et al., Respondents-Appellants.— Order affirmed, without costs of this appeal to any party. All concur. (Appeal by respondents Hoadley, Mroz and Woods from an order of Erie Special Term denying respondents' motion for a jury trial and granting the relief sought in the petition.) Present — McCurn, P. J., Kimball, Williams, Goldman and Halpern, JJ. (Order entered October 27, 1959.)