Maurice W. McCann, J.
The defendant was charged by a Penn Yan Village policeman on June 16, 1963 at about 1:25 a.m. with operating a motor vehicle in said village, of driving while intoxicated in violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law. Upon his arraignment in the Village Police Court before the Honorable Freueriok H. GKjyle, Police Justice, sitting as a Court of Special Sessions at about 9:15 a.m. on the same day, the defendant pleaded guilty to the charge and was sentenced to pay a fine of $100 and to serve 10 days in the Yates County jail.
June 16, 1963 was Sunday. The defendant now appeals on the grounds that the judgment of conviction was void because the defendant had been improperly arraigned on a Sunday in violation of section 5 of the Judiciary Law and that the proceedings based upon the improper arraignment were null and void. In other words the court did not have jurisdiction to hold court, to arraign and sentence on a Sunday.
It has been held that the purpose of section 5 of the Judiciary Law (prior to the 1930 amendment) was to “‘preserve the peace ’, and while so doing at the same time to accord to persons, who might otherwise be injured by longer detention, an opportunity to be at once heard and in proper cases set at liberty. Although, therefore, it was not intended to authorize a protracted trial on Sunday, power is given to inquire into detention, and if nothing further was needed, to dispose of the case.” (People ex rel. Price v. Warden, 73 App. Div. 174, 176.)
In 1930 the Legislature saw fit to change section 5 to read in part as follows: “A court shall not be opened, or transact any business on Sunday, except to receive a verdict or discharge a jury and for the receipt by a court of special sessions of a plea of guilty and the pronouncement of sentence thereon in any case in which such court has jurisdiction. An adjournment of *688 a court on Saturday, unless made after a cause has been committed to a jury, must be to some other day than Sunday.”
This change was undoubtedly made to meet the situation created by the great growth of week-end motor travel and resulting increase in traffic violations and it is not unreasonable to expect that it was the intention of the Legislature in 1930 to accord to persons charged with crimes and offenses an opportunity to learn of the cause of their detention and to be heard thereon.
How can a person be heard on the charge against him except upon his arraignment on such charge? Upon such arraignment he can either plead guilty or not guilty. If he wishes to plead guilty the Legislature by its 1930 amendment gave him the right to do so on a Sunday.
In the case of People v. Reedy (4 N Y 2d 123) the Court of Appeals said that a Court of Special Sessions is authorized to receive a plea of guilty and pronounce sentence on Sunday. The defendant-appellant herein apparently decided in his own mind after being advised of the charge against him to plead guilty thereto and was thereupon sentenced.
In view of the foregoing this court concludes that the judgment of conviction should be and is affirmed.