In the Matter of JOSEPH JONES, Petitioner, *v.* EAST MEADOW FIRE DISTRICT, Respondent.

Second Department, April 27, 1964.

W. *Timothy Darrah* (*Thomas A. Cassidy* of counsel), for petitioner.

*Herbert Bernstein* for respondent.

Samuel Rabin, J. This is a proceeding under article 78 of the former Civil Practice Act to review and annul the determination of the Board of Fire Commissioners of the respondent East Meadow Fire District, which reduced the petitioner, a volunteer fireman, from the grade of captain to fireman, and suspended him from duty for a period of six months.

In July, 1963, written charges of a violation of the by-laws of the East Meadow Fire Department were served on petitioner, accusing him: (1) of using profanity during a rescue call; (2) of conduct not becoming a fireman; and (3) of conduct detrimental to the best interests of the Fire Department. The specifications of said charges alleged that the petitioner had been fighting and using profanity on June 28, 1963, in the chief's office of the headquarters building of the fire district, after being warned not to do so by the Deputy Chief.

On Sunday, July 21, 1963, a hearing on the charges and specifications was held before the Board of Fire Commissioners. The board found the petitioner guilty of all the charges and specifications, except the part which related to the use of profanity. As to that part the board found him not guilty.

It is apparent from the record, and it is not disputed by the parties, that the said hearing was conducted on a Sunday. Section 5 of the Judiciary Law provides, with exceptions not here relevant, that a " court shall not be opened, or transact any business on Sunday ". At common law, no judicial act could be done on Sunday; and, in the absence of a permissive statute, a Judge had no authority to hold court or to conduct a trial on Sunday (50 Am. Jur., Sundays and Holidays, § 73). The statute (Judiciary Law, § 5), which was enacted as a substitute for the common-law rule, is a substantial enactment thereof (*People ex rel. Margus* v. *Ramsey,* 128 Misc. 39).

Petitioner has submitted no authority in support of the proposition that a hearing held on a Sunday before an administrative tribunal is violative of the statute (Judiciary Law, § 5); and independent research has revealed that the question is one

which has not been squarely decided in this State. Nevertheless, resolution of the problem presented is not without guiding principle.

It has been held that judicial or quasi-judicial proceedings of administrative bodies come within the common-law rule rendering void judicial proceedings conducted on Sunday (*Texas State Bd. of Dental Examiners* v. *Fieldsmith,* 242 S. W. 2d 213 [Tex.], 26 A. L. R. 2d 990). Decisions in the analogous situation of arbitration proceedings would appear to require a similar holding with respect to quasi-judicial administrative hearings. In *Matter of Brody (Owen)* (259 App. Div. 720, 721), it was held that: " The hearing and the award were also illegal and void, because both occurred on a Sunday. Arbitration is a judicial proceeding and arbitrators perform a judicial function. * * * The proceedings were, therefore, in violation of section 5 of the Judiciary Law, which prohibits judicial proceedings on Sunday, with certain exceptions not pertinent here." More recently, in *Matter of Katz (Uvegi)* (18 Misc 2d 576, 582, affd. 11 A D 2d 773), it was held that since " arbitration is a judicial proceeding and arbitrators perform a judicial function, the arbitration proceedings and award herein were void upon the ground that hearings held on Sunday were in violation of section 5 of the Judiciary Law."

By a parity of reasoning, disciplinary proceedings held on a Sunday before an administrative tribunal must be deemed invalid; and any determination rendered thereon is null and void.

The fact that petitioner here had expressly consented to the hearing being held on a Sunday is of no consequence since, as stated in *Brody (supra,* p. 721), the " statute expresses the public policy of the State, and cannot be waived." Similarly, in *People* v. *Wells* (153 Misc. 730), where a judgment of conviction upon a trial held on a Sunday in violation of the statute (Judiciary Law, § 5) was reversed and a new trial ordered, the court held that the fact that the defendant therein had submitted to the trial did not cure the error since the question was one of jurisdiction involving a matter of public policy and, hence, could not be waived.

We are of the opinion, therefore, that the board's determination should be annulled on the law, without costs, and that the matter should be remanded to the respondent for a new hearing and for a determination *de novo.*

It should be noted, however, that upon the entire record before us we would have confirmed the present determination were it

not for the fact that we are constrained, for the reasons stated, to hold that such determination is a nullity.

UGHETTA, Acting P. J., KLEINFELD, CHRIST and HILL, JJ., concur.

Determination annulled on the law, without costs, and matter remitted for a new hearing and for a determination *de novo*.