Ms. Annie B. Martin Chairperson, N.Y.S. Advisory Council on Vocational Education
This is in response to your recent inquiry as to whether the New York State Advisory Council on Vocational Education can legally transact business on a Sunday. This State's public policy with respect to the transaction of business in public offices on Sundays and holidays can be ascertained from the court's discussion of the predecessor to § 62 of the Public Officers Law in Flynn v. Union Surety Guaranty Co., 170 N.Y. 145 (1902) wherein it was stated (at 147):
 "The obvious purpose of this statute was to authorize the closing of the public offices of the state and the counties upon public holidays for the purpose of relieving the officers and employees in such offices from the duty of performing official services on such days. For this purpose the days are to be considered as the first day of the week, commonly called Sunday. This is the extent of the statute. It does not prohibit an officer from voluntarily performing an official act on such days or render such acts void or voidable unless the act is such as to create an unlawful preference under the Recording Act or is prohibited by some other statute, none of which have any application to the act here complained of."
Thus, we have previously concluded that a marriage license issued on Sunday by a town clerk is valid (1913 Atty. Gen. [Inf.] 180) and that legislative acts of a fire district enacted on a Sunday at a regularly scheduled or duly called special meeting are valid (1959 Atty. Gen. [Inf.] 59; 1966 Atty. Gen. [Inf.] 60).
In Matter of Jones v. East Meadow Fire District, 21 A.D.2d 129
(2d Dept. 1964), the court recognized that judicial or quasi-judicial proceedings of an administrative body fall within the common law rule rendering void judicial proceedings conducted on Sunday which has been codified in § 5 of the Judiciary Law. It does not appear, however, that the business to be conducted by the New York State Advisory Council on Vocational Education is judicial or quasi-judicial in nature. Nor does it appear that the provisions of Article 2 of the General Business Law are applicable to the type of business conducted by the Council. We therefore conclude that in the absence of any statutory prohibition, the Council can legally transact business on a Sunday.