OPINION OF THE COURT
Catherine M. Bartlett, J.
It is ordered that the motion is disposed of as follows:
*870 This is an action seeking declaratory relief that petitioner was impermissibly discharged as police officer in the City of Middletown, New York. Petitioner makes several arguments in support of her position, namely, (1) that the proceedings which led to her dismissal were conducted in violation of Judiciary Law § 5 in that one of the hearing dates was conducted on a Sunday, (2) that respondents’ decision was arbitrary and capricious, (3) that the termination itself would so shock the court’s conscience that it must be overturned, and (4) that there was a lack of substantial evidence to support the conclusion to terminate petitioner.
Petitioner’s first point is that one of the dates of petitioner’s hearing was held on Sunday, July 1, 2012, in derogation of Judiciary Law § 5. All parties concede that one of the hearing dates was on a Sunday. Petitioner’s position is that by holding one of the days on a Sunday, it directly violated the statute, that the violation is non-waivable, and even if it was waivable, petitioner nevertheless objected to the hearing being held on a Sunday. Respondents contend that petitioner failed to exhaust her administrative remedies, although they fail to specifically define what remedies were to have been pursued absent this proceeding. Furthermore, respondents contend that out of a multiple day hearing, only one of the days was a Sunday, and therefore the proceedings cannot be held invalid.
Judiciary Law § 5 states:
“A court shall not be opened, or transact any business on Sunday, nor shall a court transact any business on a Saturday in any case where such day is kept as a holy day by any party to the case, except to receive a verdict or discharge a jury and for the receipt by the criminal court of the city of New York or a court of special sessions of a plea of guilty and the pronouncement of sentence thereon in any case in which such court has jurisdiction. An adjournment of a court on Saturday, unless made after a cause has been committed to a jury, must be to some other day than Sunday. But this section does not prevent the exercise of the jurisdiction of a magistrate, where it is necessary to preserve the peace, or, in a criminal case, to arrest, commit or discharge a person charged with an offense, or the granting of an injunction order by a justice of the supreme court when in his judgment it is necessary to prevent irremediable injury or the service of a summons with *871 or without a complaint if accompanied by an injunction order and an order of such justice permitting service on that day.”
Matter of Jones v East Meadow Fire Dist. (21 AD2d 129 [2d Dept 1964]) is instructive on this point. In Jones, the Court held:
“It is apparent from the record, and it is not disputed by the parties, that the said hearing was conducted on a Sunday. Section 5 of the Judiciary Law provides, with exceptions not here relevant, that a ‘court shall not be opened, or transact any business on Sunday’. At common law, no judicial act could be done on Sunday; and, in the absence of a permissive statute, a Judge had no authority to hold court or to conduct a trial on Sunday (50 Am. Jur., Sundays and Holidays, § 73). The statute (Judiciary Law, § 5), which was enacted as a substitute for the common-law rule, is a substantial enactment thereof (People ex rel. Margus v. Ramsey, 128 Misc. 39).
“Petitioner has submitted no authority in support of the proposition that a hearing held on a Sunday before an administrative tribunal is violative of the statute (Judiciary Law, § 5); and independent research has revealed that the question is one which has not been squarely decided in this State. Nevertheless, resolution of the problem presented is not without guiding principle.
“It has been held that judicial or quasi-judicial proceedings of administrative bodies come within the common-law rule rendering void judicial proceedings conducted on Sunday (Texas State Bd. of Dental Examiners v. Fieldsmith, 242 S. W. 2d 213 [Tex.], 26 A. L. R. 2d 990). Decisions in the analogous situation of arbitration proceedings would appear to require a similar holding with respect to quasi-judicial administrative hearings. In Matter of Brody (Owen) (259 App. Div. 720, 721), it was held that: ‘The hearing and the award were also illegal and void, because both occurred on a Sunday. Arbitration is a judicial proceeding and arbitrators perform a judicial function. . . . The proceedings were, therefore, in violation of section 5 of the Judiciary Law, which prohibits judicial proceedings on Sunday, with certain exceptions not pertinent here.’ More recently, in Matter of Katz (Uvegi) (18 Misc 2d *872 576, 582, affd. 11 A D 2d 773), it was held that since ‘arbitration is a judicial proceeding and arbitrators perform a judicial function, the arbitration proceedings and award herein were void upon the ground that hearings held on Sunday were in violation of section 5 of the Judiciary Law.’
“By a parity of reasoning, disciplinary proceedings held on a Sunday before an administrative tribunal must be deemed invalid; and any determination rendered thereon is null and void.
“The fact that petitioner here had expressly consented to the hearing being held on a Sunday is of no consequence since, as stated in Brody (supra., p. 721), the ‘statute expresses the public policy of the State, and cannot be waived.’ Similarly, in People v. Wells, (153 Misc. 730), where a judgment of conviction upon a trial held on a Sunday in violation of the statute (Judiciary Law, § 5) was reversed and a new trial ordered, the court held that the fact that the defendant therein had submitted to the trial did not cure the error since the question was one of jurisdiction involving a matter of public policy and, hence, could not be waived.
“We are of the opinion, therefore, that the Board’s determination should be annulled on the law, without costs, and that the matter should be remanded to the respondent for a new hearing and for a determination de novo.” (Jones, 21 AD2d 130-131.)
The Jones Court held that quasi-judicial proceedings such as disciplinary proceedings before a review board fall under Judiciary Law § 5’s auspices. The proceedings in this case are squarely within the confines of quasi-judicial proceedings and therefore section 5 must be applied thereto. Moreover, section 5’s prohibitions cannot be waived according to Jones and its predecessor law. In the instant case, respondents effectively argue that petitioner waived her objection to the hearing being held on Sunday by not exhausting her administrative remedies. Nowhere is there any precise demonstration of the specific remedies of which petitioner should have availed herself. This very proceeding was petitioner’s appropriate remedy. Moreover, there is no merit to respondents’ argument that they conducted the hearing on multiple days which were not Sundays, and the mere fact that one of the days was a Sunday should be negated by that fact. Respondents provide no case or statutory authority *873 demonstrating the inapplicability of Jones to the instant case. Respondents were prohibited from conducting a hearing where any part thereof occurred on a Sunday. To paraphrase Shakespeare, the fault here lies with respondents, not petitioner, in failing to abide by New York law. Petitioner’s remaining contentions are not being considered in this decision due to the conclusion that respondents violated Judiciary Law § 5. Therefore, the respondents’ decision is hereby annulled and remanded to respondent for a new hearing and determination de novo in compliance with New York law.